**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter    __11__

☐ Check if this is an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **GVO Partners LLC** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **92-1245862** |

**4. Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **218 Brighton Park Blvd, Suite 101 Summerville, SC 29486** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Berkeley** | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **gvo-partners.com** |

**6. Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor     **GVO Partners LLC**                                          Case number (*if known*) _____
_____
Name

**7.**  **Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____**5511**_____

**8.**  **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.**  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

**10.**  **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

■ Yes.

Debtor     **GVO Partners LLC**                                     Case number (*if known*) _____
_____ Name

List all cases. If more than 1,        Debtor    **See attachment** _____     Relationship _____
attach a separate list

                                       District _____    When _____    Case number, if known _____

**11. Why is the case filed in *this district?*** 

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

   Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____

           Contact name _____

           Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**    .

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

Debtor     **GVO Partners LLC**                                                    Case number (*if known*) _____
             Name

| | |
|---|---|
| ▮ | **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      06/16/2026
                 MM / DD / YYYY

X _____                    **Joseph Sciamanna**
    Signature of authorized representative of debtor        Printed name

Title    **Chief Executive Officer, Manager and Principal**

---

**18. Signature of attorney**

X   */s/ Thomas J. Francella, Jr.*                    Date    *06/16/2026*
    Signature of attorney for debtor                            MM / DD / YYYY

**Thomas J. Francella, Jr.**
Printed name

**Raines Feldman Littrell LLP**
Firm name

**824 North Market Street**
**Suite 805**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone    **(302) 772-5803**        Email address  _____

**3835 DE**
Bar number and State

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **GVO Partners LLC** |
| United States Bankruptcy Court for the: | **DISTRICT OF DELAWARE** |
| Case number (if known): | |

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Armstrong Teasdale LLP** 7700 Forsyth Blvd St. Louis, MO | | | **Disputed** | | | **$519,345.19** |
| **Avid Legal PLLC** 848 Brickell Ave. Miami, FL | | | | | | **$43,613.50** |
| **Ballenthin, Funk & Johnson, LL** 370 Wabasha St. N Suite 1600 Saint Paul, MN 55102 | | | | | | **$53,900.00** |
| **Dennis Schimpf, MD** 953 Cliffwood Dr. Mount Pleasant, SC 29464 | | | | | | **$4,916.61** |
| **Finley HR Advisory, LLC** | | | | | | **$6,318.75** |
| **Greaton Films** 2900 Maple Way Douglasville, GA 30134 | | | | | | **$25,000.00** |
| **James Zhao** 110 SW 12th St. Apt. 1802 Miami, FL 33130 | | | | | | **$100.00** |
| **Jawad Salim** 11332 Savannah Grove Dr. Huntersville, NC 28078 | | | | | | **$100.00** |
| **Joseph Sciamanna** 110 SW 12th St Apt. 1802 Miami, FL 33130 | | | | | | **$756.40** |

Debtor   **GVO Partners LLC**                                    Case number *(if known)* _____
         Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **Leech Tishman** | | | | | | **$12,494.50** |
| **Mirick O'Connell 100 Front St Worcester, MA** | | | | | | **$15,714.17** |
| **Obermayer Rebmann Maxwell & Hi 1500 Market St Philadelphia, PA** | | | **Disputed** | | | **$15,102.50** |
| **Quarles & Brady LLP 200 Meeting St Charleston, SC** | | | **Disputed** | | | **$247,248.44** |
| **Smith Reed LLC** | | | **Disputed** | | | **$96,974.55** |

**SCHEDULE 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "**Debtors**") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the number assigned to the chapter 11 case of GVO Partners LLC.

- GVO Partners LLC
- GVO Holdings Group LLC
- GVO Topco LLC
- GVO Sweetgrass, LLC
- GVO Still Waters, LLC
- GVO Urban, LLC
- Urban Medspa & Weight Loss Center Charlotte, P.C.

10752577.1

**UNANIMOUS WRITTEN CONSENT OF THE BOARD OF MANAGERS OF
GVO PARTNERS, LLC**

**Dated as of June 15, 2026 (the "Effective Date")**

This Unanimous Written Consent (this "**Consent**") is executed and delivered by: (i) the undersigned, constituting all of the Managers (collectively, the "**Managers**") comprising the Board of Managers (the "**Board**") of GVO Partners, LLC, a Delaware limited liability company (the "**Company**") acting by unanimous written consent pursuant to Section 8.06 (Action by Written Consent) of the *First Amended and Restated Limited Liability Company Agreement* of GVO Partners, dated as of January 19, 2024 (as amended, the "**GVO Partners LLC Agreement**"), and Section 18-404(d) of the Delaware Limited Liability Company Act (the "**Act**").

The undersigned hereby waive any and all notice and meeting requirements with respect to the following, and consent to, approve, ratify and adopt the following recitals and resolutions with the same force and effect as if duly approved and adopted at a duly called meeting at which a quorum was present and acting throughout. Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the applicable governing documents of the Companies.

**RECITALS**

WHEREAS, the Board has reviewed and considered the historical performance and results of the Company, its current and future liquidity needs, its business prospects, and its current and long-term liabilities;

WHEREAS, the Board has determined that it is advisable and in the best interests of the Company to pursue relief under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), and to authorize the actions set forth below;

**NOW, THEREFORE, BE IT:**

**I.      Commencement of Chapter 11 Case**

RESOLVED, that the Company file, or cause to be filed, a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), thereby commencing a chapter 11 case (together with all adversary proceedings and any other proceedings ancillary thereto, the "**Chapter 11 Case**") and that the commencement and prosecution of the Chapter 11 Case be, and hereby is, authorized, approved and adopted in all respects, and that the Company be, and hereby is, authorized to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing; and it is further

RESOLVED, that Joe Sciamanna (the "**Authorized Person**") be, and hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the Company, to execute, verify and file all petitions, schedules, statements, lists, motions, objections, complaints, notices, applications and all other papers related to the Chapter 11 Case, and to take and perform any and all further acts and deeds that the Authorized Person deems necessary, appropriate or desirable in connection with the the Chapter 11 Case and in furtherance of the restructuring of the Company's debts and obligations, including any sale of substantially all assets of the Company, all as consistent with these resolutions and to

carry out and put into effect the purposes hereof, the authority therefor to be evidenced by the taking of such actions; and it is further

## II.   Retention of Advisors

RESOLVED, that Raines Feldman Littrell LLP be, and hereby is, engaged and retained on behalf of the Company as general bankruptcy counsel and assist the Company in carrying out its duties and responsibilities under the Bankruptcy Code and all other applicable law and related rules and orders, and to take any and all actions to advance the Company's rights and interests (including, without limitation, the filing of any pleadings, responses and other papers, and the making of any filings with regulatory agencies or other governmental authorities); and it is further

RESOLVED, that the Authorized Person be, and hereby is, authorized and empowered on behalf of and in the name of the Company, to execute appropriate retention agreements with, and pay appropriate retainers to above named general bankruptcy counsel, Force 10 Partners as financial advisor, and such other professionals and/or advisors as the Authorized Person deems necessary, appropriate or desirable, if any, including but not limited to any independent director, chief restructuring officer or claims agent that may become necessary or required, upon such terms and conditions as the Authorized Person shall approve, to render services to the Company, and to cause to be filed appropriate applications for authority to retain the services of such professionals; and it is further

## III.   Postpetition Financing and Use of Cash Collateral

RESOLVED, that the Authorized Person be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to negotiate and obtain postpetition financing and/or authority to use cash collateral, including under one or more debtor-in-possession credit facilities, as the Authorized Person deems necessary, appropriate or desirable in connection with the Chapter 11 Case, and to enter into any guarantees and to pledge and grant liens on the Company's assets in support of such financing, and in connection therewith to execute appropriate loan agreements and related ancillary documents and documentation, with the actions of the Authorized Person taken pursuant to this resolution being deemed conclusive evidence of the approval and the necessity, desirability or appropriateness thereof; and it is further

RESOLVED, that the Authorized Person be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with any such financing transaction(s) and all fees and expenses incurred by or on behalf of the Company in connection with these resolutions, in accordance with the terms of any financing-related documents, which shall in the Authorized Person's sole discretion be necessary, appropriate or desirable to perform any of the Company's obligations under or in connection with such financing arrangements and to carry out fully the intent of these resolutions; and it is further

## IV.   General Authorization; Reliance; Ratification

RESOLVED, that each Authorized Person be, and hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds, including (a) the negotiation of such additional agreements, amendments, modifications, supplements, consents, waivers, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (b) the execution, delivery, performance and filing

(if applicable) of any of the foregoing, and (c) the payment of all fees, consent payments, taxes, indemnities and other expenses, as the Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate or desirable to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that the Authorized Person deemed the same to meet such standard; and it is further

RESOLVED, that any person dealing with any Authorized Person in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Person, and by his or her execution of any document, agreement or instrument, the same shall be a valid and binding obligation of the Company enforceable in accordance with its terms; and it is further

RESOLVED, that each Authorized Person is hereby authorized to certify and deliver to any person to whom such certification and delivery may be deemed necessary or desirable in the opinion of the Authorized Person, a true copy of the foregoing resolutions; and it is further

RESOLVED, that all actions heretofore taken, and all agreements, instruments, reports and documents executed, delivered or filed through the date hereof, by any Authorized Person, Manager or Officer of the Company in, for and on behalf of the Company, in connection with the matters described in or contemplated by the foregoing resolutions, are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of the Company as of the date such action or actions were taken; and it is further

**V.      Counterparts; Effectiveness**

RESOLVED, that this Unanimous Written Consent may be executed in any number of counterparts (including by facsimile, .pdf or other electronic transmission), each of which shall be deemed an original, and all of which together shall constitute one and the same instrument, and shall be effective as of the date first written above and shall be filed with the minutes of the proceedings of the Board of the Company.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the undersigned have executed this Consent as of the date first written above.

**BOARD OF MANAGERS OF GVO PARTNERS, LLC:**

Joe Sciamanna (Jun 15, 2026 19:46:27 EDT)
Joseph Sciamanna, Manager

_James Zhao_
James Zhao (Jun 15, 2026 20:15:37 EDT)
James Zhao, Manager

Matthew sciamanna (Jun 15, 2026 20:55:32 EDT)
Matthew Sciamanna, Manager