**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GVO PARTNERS LLC, *et al.*,[1] | ) | Case No. 26-10976-KBO |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE
DEBTORS TO FILE A CONSOLIDATED (A) CREDITOR MATRIX AND (B) TOP 20
CREDITORS LIST; (II) AUTHORIZING REDACTION OF CERTAIN PERSONAL
IDENTIFICATION INFORMATION; AND (III) GRANTING RELATED RELIEF**

GVO Partners, LLC, and its affiliated debtors and debtors-in-possession (collectively, the

"**Debtors**") in the above-captioned Case (these "**Cases**"), by and through their undersigned

proposed counsel, hereby move for entry an order granting the relief described below and state as

follows:

**RELIEF REQUESTED**

1.      The Debtors respectfully request entry of an order, substantially in the form

attached hereto as **Exhibit A** (the "**Order**"): (a) authorizing the Debtors to file a consolidated

(i) list of creditors (the "**Consolidated Creditor Matrix**") in lieu of submitting a separate mailing

matrix for each Debtor; and (ii) list of the Debtors' 20 largest unsecured creditors (the

"**Consolidated Top 20 Creditors List**") in lieu of submitting a separate list for each Debtor;

(b) authorizing the Debtors to redact certain personal identification information; and (c) granting

related relief.

---

[1]      The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: GVO Partners LLC (5862); GVO Holdings Group LLC (8330), GVO Topco LLC (5638); GVO Urban, LLC (8860); GVO Still Waters, LLC (5823); GVO Sweetgrass, LLC (7775); and Urban Medspa & Weight Loss Center Charlotte, P.C. (7185).  The Debtors' mailing address is 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors consent to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for the relief requested herein are sections 105(a), 107, 363(b), and 521 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1007, 2002(m), 9007, and 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 1001-1, 1007-2, 2002-1, and 9013-1(m).

## BACKGROUND

5.      On June 16, 2026 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or official committee of unsecured creditors has been appointed in these Case.

7.      Concurrently with the filing of this Motion, the Debtors filed a motion requesting joint administration of these Case pursuant to Bankruptcy Rule 1015(b).

10837281.1

8.      The Debtors consist of: GVO Partners 26-10976-KBO; GVO Holdings Group LLC: 26-10977; GVO Topco LLC 26-10978; GVO Sweetgrass, LLC: 26-10979; GVO Still Waters, LLC 26-1098; GVO Urban, LLC 26-10981; and Urban Medspa & Weight Loss Center Charlotte, P.C. 26-10982.

9.      Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these Cases, is set forth in detail in the *Declaration of Joseph Sciamanna in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings*, which is incorporated herein by reference.

**BASIS FOR RELIEF REQUESTED**

**A.      A CONSOLIDATED CREDITOR MATRIX IS APPROPRIATE AND SHOULD BE APPROVED.**

10.     Section 521(a)(1)(A) of the Bankruptcy Code requires a debtor to file a list of creditors. 11 U.S.C. § 521(a)(1)(A). Additionally, Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H." Fed. R. Bank. P. 1007(a)(1). Likewise, Local Rule 1007-2(a) requires a debtor to file, together with its voluntary petition, a list containing the name and complete address of each creditor. Local Rule 2002-1(f)(v) further requires each debtor in jointly administered cases, or its duly retained claims and noticing agent, to maintain a separate creditor matrix for each debtor. *See* Del. Bankr. L.R. 2002-1(f)(v).

11.     Local Rule 1001-1(c), however, authorizes the Court to modify the application of the Local Rules "in the interest of justice." Del. Bankr. L.R. 1001-1(c). Additionally, section 105(a) of the Bankruptcy Code allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12.     The Debtors submit that permitting them to maintain the Consolidated Creditor Matrix in lieu of filing a separate creditor matrix for each Debtor is warranted in these Cases. Requiring the Debtors to segregate and convert their computerized records to a Debtor-specific creditor matrix format would be an unnecessarily burdensome task and result in duplicate mailings. The Debtors submit that the Consolidated Creditor Matrix will be sufficient to the Debtors to provide notice to all creditors as well as applicable parties in interest during these Case, as required by Local Rule 1007-2.

**B.      A CONSOLIDATED TOP 20 CREDITORS LIST IS APPROPRIATE AND SHOULD BE APPROVED.**

13.     Pursuant to Bankruptcy Rule 1007(d), a debtor must file, together with its voluntary petition, a list setting forth the names, addresses, and claim amounts of the creditors, excluding insiders, who hold the 20 largest unsecured claims in the debtor's case. *See* Fed. R. Bankr. P. 1007(d).

14.     To provide the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") with a clearer picture of the Debtors' creditor constituency, however, the Debtors have prepared the Consolidated Top 20 Creditors List as opposed to a list of the 20 largest unsecured creditors for each Debtor. One of the primary purposes of filing a list of a debtor's largest unsecured creditors is to facilitate the U.S. Trustee's evaluation of the types and amounts of unsecured claims asserted against a debtor so that the U.S. Trustee can make an informed decision when identifying potential candidates to serve on an official committee of unsecured creditors. Because the Debtors' significant unsecured creditors are captured on the Consolidated Top 20 Creditors List, it will provide the U.S. Trustee with a sufficiently clear picture of the Debtors' unsecured creditor constituency. In addition, the Consolidated Top 20 Creditors List will help alleviate administrative burdens, costs, and the possibility of duplicative service.

10837281.1

C.      **CERTAIN PERSONAL IDENTIFICATION INFORMATION CONTAINED IN CONSOLIDATED CREDITOR MATRIX SHOULD BE REDACTED.**

15.     Although the public has a common law "right of access to judicial proceedings and records," *Goldstein v. Forbes* (*In re Cendant Corp.*), 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code permits courts, in appropriate circumstances, to protect individuals from an undue risk of identity theft or other unlawful injury by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. See 11 U.S.C. § 107(c); *see also Cendant*, 260 F.3d at 194 (noting the public's right of access "is not absolute") (citation and internal quotation marks omitted); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.") (citation and internal quotation marks omitted).

16.     Specifically, section 107 of the Bankruptcy Code enables a court to issue orders that protect parties from the potential harm that could result from disclosing confidential information. Section 107(b) of the Bankruptcy Code provides, in pertinent part, as follows:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1); *see* Fed. R. Bankr. P. 9018 (same).

17.     Additionally, section 107(c) of the Bankruptcy Code provides:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property.
>
> (A)     Any means of identification (as defined in section 1028(d) of title 18 [of the United States Code]) contained in a paper filed, or to be filed, in a case under this title.

(B)     Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

18.     Based on the above, the Debtors respectfully submit that it is appropriate to authorize, but not direct, the Debtors to redact from any paper filed or to be filed with the Court in these Cases, including but not limited to the Consolidated Creditor Matrix and the Debtors' bankruptcy schedules and statement of financial affairs (the "**Schedules and Statements**"), the email addresses and home addresses of the Debtors' individual creditors (including employees) and equity security holders.

19.     In addition, disclosing such information could be used by third parties, among other things, to perpetrate identity theft or locate survivors of domestic violence or stalking who have otherwise taken steps to conceal their whereabouts. The Debtors propose to provide an unredacted version of the Consolidated Creditor Matrix and any other redacted, applicable filings to the Court, the U.S. Trustee, counsel to any statutory committee appointed in these cases, and other parties in interest upon reasonable request.

20.     Courts in this jurisdiction and others have granted the relief requested herein in other comparable Case. See, e.g., *In re Lear Capital, Inc.*, No. 22-10165 (BLS) (Bankr. D. Del. March 9, 2022) (authorizing the debtors to file all lists of customers under seal); *In re Art Van Furniture, LLC*, No. 20-10553 (CSS) (Bankr. D. Del. Mar. 10, 2020) (authorizing the debtors to redact personally identifiable information, including home address information, of the debtors' individual creditors and interest holders on the creditor matrix and similar documents filed with the court); *In re Melinta Therapeutics, Inc.*, No. 19-12748 (LSS) (Bankr. D. Del. Feb. 7, 2020) (authorizing the debtors to file under seal the portions of the creditor matrix, the schedules and statements, and any related affidavits of service containing the home addresses of the debtors'

current employees); *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Feb. 4, 2020) (authorizing the debtors to redact personal identification information, including home address information, of all individuals on documents filed with the court); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) (same).

21.     Courts in this district have also stressed the importance of authorizing debtors to redact individual creditors' personally identifiable information, including home addresses in particular. In overruling an objection by the U.S. Trustee to relief similar to that which is being requested herein, the Art Van Furniture court noted that the proposed redaction is not a "burden of proof" issue so "much as a common sense issue." Hr'g Tr. at 25:6–7, *In re Art Van Furniture, LLC*, No. 20-10553 (CSS) (Bankr. D. Del. Mar. 10, 2020) [Docket No. 82]. Courts have found that "at this point and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief." Id. at 25:13–16.

22.     Similarly, in *Clover Technologies*, Judge Owens overruled the U.S. Trustee's objection, noting that:

> [t]o me it is common sense. I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website   The court can completely avoid contributing to the risk by redacting the addresses. And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses.

Hr'g Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020) [Docket No. 146].  Finally, in *Forever 21*, in overruling the U.S. Trustee's objection, Judge Gross found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld."

Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) [Docket No. 605].

23.     For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to seal, pursuant to section 107(c)(1) of the Bankruptcy Code, personally identifiable information—including email addresses and home addresses—in respect of the Debtors' individual creditors (including employees) and interest holders who are listed on the Consolidated Creditor Matrix or any other document filed with the Court.  The Debtors submit that the prejudice to any third parties from such relief is either de minimis or entirely non-existent.  Absent such relief, the Debtors would unnecessarily render individuals more susceptible to identity theft and could jeopardize the safety of individuals by publishing their home addresses and/or e-mail addresses.

### COMPLIANCE WITH LOCAL RULE 9018-1(d)(IV)

24.     Under the circumstances, and given the nature of the relief requested herein, the Debtors have not been and are not able to confer with most of the individuals whose information is requested to be redacted and, accordingly, the Debtors submit that there is cause to excuse the Debtors from the meet and confer obligations under Local Rule 9018-1(d).

### NOTICE

25.     The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel for Firstrust Bank; (c) the holders of the 20 largest unsecured claims against the Debtors on a consolidated basis; and (d) parties who have requested notice pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order entered on this Motion will be served as required by Local Rule 9013-1(m). The Debtors respectfully submit that, in light of the nature of the relief requested, no further notice is necessary.

10837281.1

## **CONCLUSION**

WHEREFORE the Debtors respectfully request entry of the Order attached hereto as Exhibit A granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

**RAINES FELDMAN LITTRELL LLP**

Dated:  June 22, 2026

_/s/ Thomas J. Francella_
Thomas J. Francella, Jr. (No. 3835)
Mark W. Eckard (No. 4542)
824 North Market Street, Suite 805
Wilmington, DE 19801
(302) 772-5803
tfrancella@raineslaw.com
meckard@raineslaw.com

_Proposed Counsel to the Debtors and Debtors in Possession_

10837281.1