## EXHIBIT A

## Interim Order

10837309.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GVO PARTNERS LLC, *et al.*,[1] | ) | Case No. 26-10976-KBO |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | RE: D.I. |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE THEIR INSURANCE POLICIES AND (B) PAY AND HONOR ALL OBLIGATIONS WITH RESPECT THERETO; (II) AUTHORIZING CONTINUATION OF INSURANCE PREMIUM FINANCING ARRANGEMENTS; AND (III) GRANTING RELATED RELIEF**

Upon the *Motion of the Debtors for Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Their Insurance Policies and (B) Pay and Honor All Obligations with Respect Thereto; (II) Authorizing Continuation of Insurance Premium Financing Arrangements; and (III) Granting Related Relief* (the "**Motion**");[2] and upon review of the First Day Declaration; and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) the Court may enter a final order consistent with Article III of the United States Constitution; and upon the record herein; and after due deliberation thereon; and it appearing that sufficient notice of the Motion has been given

---

[1]    The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: GVO Partners LLC (5862); GVO Holdings Group LLC (8330), GVO Topco LLC (5638); GVO Urban, LLC (8860); GVO Still Waters, LLC (5823); GVO Sweetgrass, LLC (7775); and Urban Medspa & Weight Loss Center Charlotte, P.C. (7185).  The Debtors' mailing address is 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.

[2]    Capitalized terms used but not defined herein have the meaning ascribed in the Motion.

1

10837309.1

and that no other further notice is necessary, except as set forth in the Motion with respect to entry of this Interim Order; and good cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis, as set forth herein.

2. A final hearing on the Motion is set for _____, 2026 at ___ a.m./p.m. (ET). Any objections or responses to the entry of the proposed Final Order shall be filed on or before 4:00 p.m. (ET) on _____, 2026, and shall be served on the proposed counsel for the Debtors and on any other parties requesting service pursuant to Bankruptcy Rule 2002. If no objections or responses are timely filed and served, the Court may enter the Final Order without further notice or hearing.

3. Subject to the provisions of this Interim Order, the Debtors are authorized, but not directed, to maintain the Insurance Policies in accordance with practices and procedures that were in effect before the commencement of the Cases and to pay and honor, in the ordinary course of business as such obligations become due, the Insurance Obligations (including, without limitation, amounts owed to Lockton), without regard to whether accruing or relating to the period before or after the Petition Date, *provided* that all such payments shall not exceed $25,000 in the aggregate during this interim period.

4. The Debtors are authorized, but not directed, to renew, revise, extend, supplement, replace, modify or obtain new insurance coverage as needed, including through the purchase or renewal of new or existing Insurance Policies. The Debtors shall provide contemporaneous notice of any changes in insurance coverage to the Office of the U.S. Trustee for the District of Delaware and counsel for any committee appointed in these cases.

2

10837309.1

5.      The Debtor's banks shall be, and are hereby authorized, when requested by the Debtors, to process, honor, pay, and, if necessary, reissue any and all checks or electronic funds transfers, including prepetition checks and electronic payment and transfer requests that the Debtors reissue or re-request postpetition, drawn on the Debtors' accounts, whether those checks were presented before or after the Petition Date, provided that sufficient funds are available in such accounts to make the payments.  The Debtors' banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors before the Petition Date should be honored pursuant to this Interim Order, and the banks shall not have any liability to any party for relying on such representations by the Debtors as provided for in this Interim Order.

6.      The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, on account of the Insurance Obligations as set forth herein, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored as a result of the commencement of the Cases.

7.      The Debtors are authorized, but not directed, to continue or renew their insurance premium financing arrangements.  Absent further order of this Court upon notice, during the course of these Cases, the Debtors shall not renew or enter into any new premium financing agreement on any terms less favorable than those in the existing financing agreements.

8.      Notwithstanding anything to the contrary in the financing agreements, the Debtors' commencement of these cases shall not constitute a default under such agreements and, in the event the Debtors default under the terms of the financing agreements, the counterparty shall not cancel any insurance policy of the Debtors without first providing notice of such default in writing by overnight mail to the Debtors and their bankruptcy counsel, and to the Office of the United

3

States Trustee for the District of Delaware and counsel for any statutory committee appointed in these cases, and at least 5 business days to cure.  If the Debtors fail to cure the default within that time, then the counterparty may, in accordance with the terms of the financing agreements, and without further order of this Court, exercise any and all of its rights under the financing agreements.

9.     In the event that the Debtors identify an insurance policy that is not specifically listed on the Insurance Schedule, the Debtors shall file a "notice of additional insurance policy" with the Court and serve same upon those parties entitled to receive notice under Federal Rule of Bankruptcy Procedure 2002 and Local Rule 2002-1, including any official committee and the Office of the U.S. Trustee. If the Debtors seek authority to pay pre-petition amounts with regards to any subsequently discovered policy, the Debtors shall make that request in the notice, and parties in interest shall have 14 days from the date of service of the notice to object to that request. Any unresolved disputes shall be brought before this Court for resolution.

10.     Nothing in the Motion or this Interim Order, nor any actions or payments made by the Debtors pursuant to this Interim Order, shall be construed as: (a) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtors' properties; (b) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute an allowed claim; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (f) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Interim Order.  Nothing contained in this Interim Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

4

10837309.1

11. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied because the relief set forth in this Interim Order is necessary to avoid immediate and irreparable harm.

12. Notice of the Motion as provided therein shall be deemed good and sufficient pursuant to the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

13. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

10837309.1