**EXHIBIT B**

**Final Order**

10837309.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GVO PARTNERS LLC, *et al.*,[1] | ) | Case No. 26-10976-KBO |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE THEIR
INSURANCE POLICIES AND (B) PAY AND HONOR ALL OBLIGATIONS WITH
RESPECT THERETO; (II) AUTHORIZING CONTINUATION OF INSURANCE
PREMIUM FINANCING ARRANGEMENTS; AND (III) GRANTING RELATED RELIEF**

Upon the *Motion of the Debtors for Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Their Insurance Policies and (B) Pay and Honor All Obligations with Respect Thereto; (II) Authorizing Continuation of Insurance Premium Financing Arrangements; and (III) Granting Related Relief* (the "**Motion**");[2] and upon review of the First Day Declaration; and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) the Court may enter a final order consistent with Article III of the United States Constitution; and upon the record herein; and after due deliberation thereon; and it appearing that sufficient notice of the Motion has been given and that no other further notice is necessary; and good cause appearing therefor;

---

[1]    The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: GVO Partners LLC (5862); GVO Holdings Group LLC (8330), GVO Topco LLC (5638); GVO Urban, LLC (8860); GVO Still Waters, LLC (5823); GVO Sweetgrass, LLC (7775); and Urban Medspa & Weight Loss Center Charlotte, P.C. (7185).  The Debtors' mailing address is 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

1

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is GRANTED on a final basis, as set forth herein.

2.       The Debtors are authorized, but not directed, to maintain the Insurance Policies in accordance with practices and procedures that were in effect before the commencement of the Cases and to pay and honor, in the ordinary course of business as such obligations become due, the Insurance Obligations (including, without limitation, amounts owed to Lockton), without regard to whether accruing or relating to the period before or after the Petition Date, *provided* that all payments on account of Insurance Policies now in effect shall not exceed $50,000 in the aggregate.

3.       The Debtors are authorized, but not directed, to renew, revise, extend, supplement, replace, modify or obtain new insurance coverage as needed, including through the purchase or renewal of new or existing Insurance Policies.

4.       The Debtors' banks shall be, and are hereby authorized, when requested by the Debtors, to process, honor, pay, and, if necessary, reissue any and all checks or electronic fund transfers, including prepetition checks and electronic payment and transfer requests that the Debtors reissue or re-request postpetition, drawn on the Debtors' accounts, whether those checks were presented before or after the Petition Date, provided that sufficient funds are available in such accounts to make the payments.  The Debtors' banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors before the Petition Date should be honored pursuant to this Final Order, and the Debtors' banks shall not have any liability to any party for relying on such representations by the Debtors as provided for in this Final Order.

10837309.1

5.      The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, on account of the Insurance Obligations as set forth herein, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored as a result of the commencement of the Cases.

6.      The Debtors are authorized, but not directed, to continue or renew their insurance premium financing arrangements.  Absent further order of this Court upon notice, during the course of these Cases, the Debtors shall not renew or enter into any new premium financing agreement on any terms less favorable than those in the existing agreements.

7.      Notwithstanding anything to the contrary in the Debtors' premium financing agreements, the Debtors' commencement of these cases shall not constitute a default under such agreements and, in the event the Debtors default under the terms of the financing agreements, in the event the Debtors default under the terms of the financing agreements, the finance company shall not cancel any insurance policy of the Debtors without first providing notice of such default in writing by overnight mail to the Debtors and their bankruptcy counsel, and at least 5 business days to cure.  If the Debtors fail to cure the default within that time, then the finance company may, in accordance with the terms of the financing agreements, and without further order of this Court, exercise any and all of its rights under the financing agreements.

8.      Nothing in the Motion or this Final Order, nor any actions or payments made by the Debtors pursuant to this Final Order, shall be construed as: (a) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtors' properties; (b) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute an allowed claim; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365

3

of the Bankruptcy Code; or (f) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Final Order.  Nothing contained in this Final Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.  For the avoidance of doubt, nothing in this Order shall authorize any payments by the Debtors if not provided for under any then-current budget that has been approved by the Court pursuant to an order authorizing the Debtors to incur postpetition financing.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

10.     This Final Order is effective immediately upon its entry.

11.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

4