**Exhibit B**

**Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GVO PARTNERS LLC, *et al.*,[1] | ) | Case No. 26-10976-KBO |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**FINAL ORDER AUTHORIZING DEBTORS TO HONOR AND
CONTINUE CERTAIN CUSTOMER PROGRAMS AND
CUSTOMER OBLIGATIONS IN THE ORDINARY COURSE
OF BUSINESS AND GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (i) authorizing, but not directing, the Debtors, in their sole discretion, to (a) honor certain prepetition obligations to customers and (b) otherwise continue customer programs in the ordinary course of business consistent with past practices and in the Debtors' sound business judgment; and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of these Cases and this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors'

---

[1]    The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: GVO Partners LLC (5862); GVO Holdings Group LLC (8330), GVO Topco LLC (5638); GVO Urban, LLC (8860); GVO Still Waters, LLC (5823); GVO Sweetgrass, LLC (7775); and Urban Medspa & Weight Loss Center Charlotte, P.C. (7185).  The Debtors' mailing address is 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.

[2]    Capitalized terms used but not defined herein have the meaning ascribed in the Motion.

1

10837429.1

estates, their creditors, and other parties in interest; and this Court having found that the Debtors'

notice of the Motion and opportunity for a hearing on the Motion were appropriate under the

circumstances and no other notice need be provided; and this Court having reviewed the Motion

and having heard the statements in support of the relief requested therein at a hearing before this

Court (the "**Hearing**"), if necessary; and this Court having determined that the legal and factual

bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

and upon all of the proceedings had before this Court; and after due deliberation and sufficient

cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, in their sole discretion, to continue,

maintain, implement new and/or modify, the Customer Programs in the ordinary course of business

and in a manner consistent with past practice, and pay and honor prepetition cash obligations under

or related to the Customer Programs in the ordinary course of business.

3.      Notwithstanding anything herein to the contrary, absent further order of the Court,

no cash value, payments or deductions shall be made on account of prepetition amounts owed

under the Customer Programs in excess of $5,000 in the aggregate.

4.      The banks and financial institutions on which checks were drawn or electronic

payment requests were made in payment of prepetition obligations approved herein are authorized

to receive, process, honor, and pay all such checks and electronic payment requests when presented

for payment, so long as such checks or other payment requests were issued within 30 days of the

Petition Date, and such banks and financial institutions are authorized to rely on the Debtors'

2

10837429.1

designation of any particular check or electronic payment request as approved by this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

5.      Notwithstanding anything to the contrary herein, if the Debtors at any time during these Cases cease to honor or choose to alter or terminate the Gift Certificate Program, the Debtors shall file a motion of the same with the Court, and such motion shall provide a 14-day period for parties to object thereto.  Such motion shall be served upon the Office of the United States Trustee for the District of Delaware, any official committee appointed in these Cases, the attorneys general of any state where the Debtors conduct business, and any party requesting service under Bankruptcy Rule 2002.  If no objections are timely raised, the motion may be granted without need for a hearing.  In addition, the Debtors shall post notice of their intent to terminate the gift certificates on the Debtors' website, the Debtors' social media websites, and the case website hosted by the Debtors' claims agent in these Cases, and shall, during the pendency of such motion, cease to sell or distribute gift certificates.  For the avoidance of doubt, during the pendency of such motion, the Debtors shall not cease to honor gift certificates that the Debtors sold or distributed prior to filing such motion.

6.      Nothing in this Order nor any action taken hereunder: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; or (iv) shall be construed as a promise or obligation to pay a claim or continue any applicable program postpetition.

10837429.1

7.      Nothing contained in the Motion or this Order is intended or should be construed to create an administrative priority claim on account of any of the Customer Programs.

8.      Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

10837429.1