**EXHIBIT A**

**INTERIM ORDER**

10837365.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GVO PARTNERS LLC, *et al.*,[1] | ) | Case No. 26-10976-KBO |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | RE: D.I. |

**INTERIM ORDER (I) AUTHORIZING PAYMENT OF CERTAIN**
**PREPETITION TAXES AND FEES; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of this interim order (the

"**Order**") and a final order (i) authorizing, but not directing, the Debtors, in their sole discretion,

to (a) remit and pay certain Taxes and Fees accrued prior to the Petition Date that will become

payable during the pendency of these Cases, including any penalties and interest thereon, to the

Authorities and (b) remit and pay any Audit Amounts that may become payable in the ordinary

course of business, and (ii) granting related relief, all as more fully set forth in the Motion; and

upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the

United States District Court for the District of Delaware dated February 29, 2012; and this Court

having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having

found that venue of these cases and this proceeding is proper in this district pursuant to 28 U.S.C.

§§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best

---

[1]     The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: GVO Partners LLC (5862); GVO Holdings Group LLC (8330), GVO Topco LLC (5638); GVO Urban, LLC (8860); GVO Still Waters, LLC (5823); GVO Sweetgrass, LLC (7775); and Urban Medspa & Weight Loss Center Charlotte, P.C. (7185).  The Debtors' mailing address is 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.

[2]     Capitalized terms used but not defined herein have the meaning ascribed in the Motion.

10837365.1

interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court if necessary (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      A final hearing on the relief sought in the Motion shall be held on _____, 2026, at __:____ _.m. (ET).  Any objections or responses to the entry of the proposed Final Order shall be filed on or before 4:00 p.m. (ET) on _____, 2026, and served on the proposed counsel for the Debtors and on any other parties requesting service pursuant to Bankruptcy Rule 2002.  If no objections or responses are timely filed and served, this Court may enter the Final Order without further notice or hearing.

3.      The Debtors are authorized, but not directed, to remit and pay any Taxes and Fees as set forth in the Motion, provided that payments for amounts that arose before the Petition Date shall not exceed $5,000 absent further order of the Court.

4.      The banks and financial institutions on which checks were drawn or electronic payment requests were made in payment of prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when present for payment so long as such checks or other payment requests were issued within 30 days of the

2

Petition Date, and such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

5. Nothing in this Order nor any actions taken hereunder: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; or (d) shall be construed as a promise or obligation to pay any claim or continue any applicable program postpetition.

6. The requirements of Bankruptcy Rule 6003 are satisfied, and notice of the Motion as provided therein shall be deemed good and sufficient pursuant to the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

7. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry.

8. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10837365.1

4

9.      This Court shall retain exclusive jurisdiction with respect to all matters arising

from or related to the implementation, interpretation or enforcement of this Order.

10837365.1