## EXHIBIT B

**Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GVO PARTNERS LLC, *et al.*,[1] | ) | Case No. 26-10976-KBO |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**FINAL ORDER (I) AUTHORIZING
(A) PAYMENT OF PREPETITION WAGES, EMPLOYEE BENEFITS
OBLIGATIONS AND OTHER COMPENSATION, (B) CONTINUATION
OF EMPLOYEE BENFITS PROGRAMS AND PAYMENT OF RELATED
ADMINISTRATIVE OBLIGATIONS; AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**") of the Debtors for entry of an order (the "**Order**") authorizing but not directing the Debtors, in their sole discretion, to pay, continue, or otherwise honor various prepetition employee-related obligations (collectively, the "**Employee Obligations**") to or for the benefit of their current Employees for wages, compensation, bonuses, benefits, and expense reimbursements under all plans, programs, and policies maintained or contributed to, and agreements entered  into by the Debtors prior to the Petition Date, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Sanding Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and it appearing that venue of these Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is

---

[1] The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: GVO Partners LLC (5862); GVO Holdings Group LLC (8330), GVO Topco LLC (5638); GVO Urban, LLC (8860); GVO Still Waters, LLC (5823); GVO Sweetgrass, LLC (7775); and Urban Medspa & Weight Loss Center Charlotte, P.C. (7185).  The Debtors' mailing address is 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.

1

a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"), if necessary; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is GRANTED on a final basis as set forth herein.

2.    The Debtors are authorized, but not directed, in their sole discretion, to make cash payments on account of Employee Obligations and related expenses arising under or related to Employee Programs; *provided that* the Debtors shall not pay any prepetition claims in excess of the applicable statutory caps for individual claims or $10,000 in the aggregate.

3.    The Debtors are authorized, but not directed, in their sole discretion, (a) to continue their Employee Programs in effect as of the Petition Date and pay related administrative expenses; and (b) to amend, renew, replace, modify, revise, supplement, and/or terminate such Compensation and Benefits Programs in the ordinary course of business. The Debtors shall provide notice of any changes in their Employee Programs (including bonuses, incentives and/or retention programs) to the Office of the United States Trustee for the District of Delaware and counsel for any statutory committee appointed in these Cases.

10837472.1

4. The Debtors are authorized, but not directed, in their sole discretion, at (a) continue utilizing third parties in connection with the Employee Programs as described in the Motion and to pay or caused to be paid such claims as and when such obligations are due and (b) pay prepetition amounts owing in the ordinary course of business to third parties in connection with the Employee Programs.

5. The Debtors are authorized to forward any unpaid amounts on account of deductions or payroll taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' prepetition practices and policies.

6. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Cases with respect to any Employee Obligations. The banks and financial institutions are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The banks and financial institutions may rely on the representation of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order, and any such bank or financial institution shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Order.

7. Nothing in this Order nor any action taken hereunder: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (ii) shall

3

impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; or (iv) shall be construed as a promise or obligation to pay a claim or continue any applicable program postpetition.

8. Notice of the Motion as provided therein shall be deemed good and sufficient pursuant to the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

9. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry.

10. The Debtors are authorized and empowered take all actions necessary or appropriate to implement this Order.

11. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

10837472.1