**EXHIBIT B**

**Final Order**

10837420.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GVO PARTNERS LLC, *et al.*,[1] | ) | Case No. 26-10976-KBO |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**FINAL ORDER (I) (A) APPROVING THE DEBTORS' PROPOSED FORM
OF ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY
SERVICES, (B) APPROVING THE DEBTORS' PROPOSED PROCEDURES
FOR RESOLVING ADDITIONAL ASSURANCE REQUESTS, AND (C)
PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING OR
DISCONTINUING SERVICES; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an interim order and this final

order (the "**Order**") (i) (a) approving the Debtors' proposed form of adequate assurance of

payment for future utility services to utility companies (the "**Utility Providers**"), (b) approving

the Debtors' proposed procedures for resolving requests for adequate assurance in substantially

the form proposed in this Order (the "**Adequate Assurance Procedures**"), and (c) prohibiting the

Utility Providers from altering, refusing, or discontinuing services, and (ii) granting related relief,

all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and

this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the District of

Delaware dated February 29, 2012; and this Court having found that this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of these Cases and this

---

[1]     The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: GVO Partners LLC (5862); GVO Holdings Group LLC (8330), GVO Topco LLC (5638); GVO Urban, LLC (8860); GVO Still Waters, LLC (5823); GVO Sweetgrass, LLC (7775); and Urban Medspa & Weight Loss Center Charlotte, P.C. (7185).  The Debtors' mailing address is 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.

[2]     Capitalized terms used but not defined herein have the meaning ascribed in the Motion.

1

proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"), if necessary; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices for Utility Services rendered by the Utility Providers to the Debtors after the Petition Date.

3. Except as the amount may be reduced by application of the provisions of the Interim Order, the Utility Deposit in the aggregate amount of $122,000 deposited in the Utility Deposit Account shall be held for the purpose of providing adequate assurance of payment to each Utility Provider for its postpetition Utility Services to the Debtors. A list of the Utility Providers, the Utility Services they provide, and their respective interests in the Utility Deposit Account is attached hereto as **Exhibit 1**.

4. The Proposed Adequate Assurance constitutes "adequate assurance of payment" for purposes of section 366 of the Bankruptcy Code, and comprises the Utility Deposit and the

2

10837420.1

Debtors' ability to pay for future utility services in the ordinary course of business.

5.      The following Adequate Assurance Procedures for any Utility Provider not satisfied with the Proposed Adequate Assurance to request additional adequate assurance (an "**Additional Assurance Request**") are approved on a final basis:

a)      The Debtors shall promptly serve a copy of the Motion and this Order on each Utility Provider on **Exhibit C**.

b)      If any amount on account of postpetition Utility Services is unpaid, and remains unpaid beyond any applicable grace period, the applicable Utility Provider may request a disbursement from the Utility Deposit Account by giving written notice to counsel for the Debtors, any official committee appointed in these Cases, and to the Office of the United States Trustee.  The Debtors shall honor such request within 30 days after the date of receipt of such request, unless the Debtors and the requesting Utility Provider resolve the issues raised in such request without resorting to disbursement from the Utility Deposit Account.  To the extent a Utility Provider receives a disbursement from the Utility Deposit Account, the Debtors shall replenish the Utility Deposit Account in the amount so disbursed.

c)      If a Utility Provider is not satisfied with the Proposed Adequate Assurance and seeks additional adequate assurance of payment, it must serve an Additional Assurance Request upon (i) the undersigned counsel; (iii) the Office of the United States Trustee; and (iii) counsel to any official committee appointed in these Cases (collectively, the "**Adequate Assurance Notice Parties**") so that it is received on or before 4:00 p.m. (ET) within 14 days of service of this Order.

d)      Each Additional Assurance Request must (a) be made in writing, (b) set forth the amount and form of additional assurance of payment requested, (c) set forth the type of Utility Services, any account numbers, and the location for which Utility Services are provided, (d) include a summary of the Debtors' payment history to such Utility Provider relevant to the affected account(s), including whether the Utility Provider holds any deposits or other security, and if so, in what amount, and (e) set forth why the Utility Provider believes the Proposed Adequate Assurance is insufficient.

e)      Upon the Debtors' receipt of an Additional Assurance Request, the Debtors shall promptly negotiate with the requesting Utility Provider and resolve its Additional Assurance Request.

f)      Should the Debtors be unable to reach a mutual resolution with respect to an Additional Assurance Request, the Debtors shall, upon reasonable notice, calendar the matter (the "**Adequate Assurance Dispute**") for the next regularly scheduled omnibus hearing and file a motion to determine the adequacy of assurance of payment pursuant to section 366(c)(3) of the Bankruptcy Code.

3

10837420.1

g) Any Utility Provider that makes an Additional Assurance Request is prohibited from altering, refusing, or discontinuing service, including as a result of unpaid charges for prepetition services, pending resolution of such Additional Assurance Request by agreement or order of this Court.

h) The Debtors may, in their discretion, resolve any Additional Assurance Request by mutual agreement with the requesting Utility Provider without further notice to the Court or any other party in interest and may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, letter of credit, and/or other forms of security, without further order of the Court to the extent that the Debtors believe that such additional assurance is reasonable in the exercise of their business judgment, and the Debtors may, by mutual agreement with the objecting Utility Provider and without further order of the Court, reduce the Utility Deposit by an amount not exceeding the requesting Utility Provider's estimated two-week utility expense.

i) Upon the closure of any of the Debtor's practice locations or offices and the discontinuance of the Utility Services associated therewith, or the termination of Utility Services independent thereof, the Debtors may, in their discretion and without further order of the Court, reduce the Utility Deposit by an amount not exceeding, for each of the Utility Services being discontinued, the amount of the Utility Deposit then attributable to the applicable Utility Provider; *provided* that for any Utility Provider for which the Utility Deposit is reduced, the Debtors shall have paid such Utility Provider in full for any outstanding postpetition Utility Services before reducing the Adequate Assurance Deposit.

6. The Debtors are authorized, in their sole discretion, to amend **Exhibit C** attached to the Motion to add or remove any Utility Provider, and this Order shall apply to any such Subsequently Identified Utility Provider that is added to such schedule. The Debtors shall serve a copy of this Order on any Subsequently Identified Utility Provider, along with an amended **Exhibit C**, and such Subsequently Identified Utility Provider shall be permitted to make an Additional Assurance Request according to the procedures set forth herein.

7. The Utility Providers, including Subsequently Identified Utility Providers, shall be prohibited from (a) discriminating against the Debtors; (b) altering, refusing, or discontinuing service to the Debtors; or (c) requiring payment of a deposit or receipt or any other security for continued service other than the Utility Deposit, as a result of the Debtors' bankruptcy filings or any outstanding prepetition invoices.

4

8. For the avoidance of doubt, the terms of this Order, including the Adequate Assurance Procedures, shall apply in accordance with its terms to each Utility Provider, notwithstanding any customary business practices, policies, internal operating procedures, or state or local laws or regulations to the contrary. Any Utility Provider that believes its customary business practices, policies, internal operating procedures, or state or local laws or regulations forbid it from accepting the Proposed Adequate Assurance or entitle it to additional adequate assurance shall make an Additional Assurance Request or file an Objection in accordance with this Order.

9. Nothing herein constitutes a finding that any entity is or is not a Utility Provider hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on **Exhibit C** attached to the Motion.

10. Any party receiving payment from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Order.

11. Nothing in this Order nor any action taken hereunder: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; or (iv) shall be construed as a promise or obligation to pay a claim or continue any applicable program postpetition.

12. Notice of the Motion as provided therein shall be deemed good and sufficient pursuant to the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

10837420.1

13.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry.

14.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

15.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

# EXHIBIT 1

## Utility Provider List

10837420.1

## / GVO SWEETGRASS LLC

| Vendor / Provider | Utility Type | Location of Services | Mailing / Service Address |
|---|---|---|---|
| **Airgas** | Industrial Gas / Compressed Gas | Summerville / Daniel Island / Nexton, SC | Airgas USA, LLC<br>5580 Dorchester Rd<br>N. Charleston, SC 29418 |
| **Berkeley County Water & Sanitation** | Water & Sewer | Summerville / Nexton, SC | P.O. Box 580139<br>Charlotte, NC 28258-0139 |
| **Berkeley Electric Coop (NEXTON)** | Electric | Nexton, SC | Berkeley Electric Cooperative<br>SEDC – P.O. Box 530812<br>Atlanta, GA 30353-0812 |
| **Comcast** | Internet & Cable | Summerville / Daniel Island / Nexton, SC | Comcast Business<br>P.O. Box 70219<br>Philadelphia, PA 19176 |
| **Digium Cloud Service (ACH)** | Internet & Phone (VoIP / Cloud PBX) | Summerville / Daniel Island / Nexton, SC | Sangoma Technologies (Digium)<br>3405 W Dr. MLK Jr. Blvd<br>Tampa, FL 33607 |
| **Dominion Energy (General)** | Electric | Summerville / Daniel Island / Nexton, SC | Dominion Energy SC<br>220 Operation Way<br>Cayce, SC 29033<br>P.O. Box 100255, Columbia, SC 29202 |
| **Dominion Energy – DI 1526** | Electric | Daniel Island, SC | Dominion Energy SC<br>220 Operation Way<br>Cayce, SC 29033 |
| **Dominion Energy – DI 1601** | Electric | Daniel Island, SC | Dominion Energy SC<br>220 Operation Way<br>Cayce, SC 29033 |
| **Dominion Energy – MP 5404** | Electric | Mount Pleasant, SC | Dominion Energy SC<br>220 Operation Way<br>Cayce, SC 29033 |
| **Home Telecom** | Internet & Phone | Summerville / Daniel Island / Nexton, SC | Home Telecom<br>579 Stony Landing Rd<br>Moncks Corner, SC 29461 |
| **Secure Waste, Inc** | Waste Disposal | Summerville / Daniel Island / Nexton, SC | Secure Waste, Inc.<br>P.O. Box 457<br>Damascus, MD 20872 |
| **Stericycle** | Medical Waste Disposal | Summerville / Daniel Island / Nexton, SC | Stericycle, Inc.<br>2355 Waukegan Rd<br>Bannockburn, IL 60015 |

## GVO STILL WATERS, LLC

| Vendor / Provider | Utility Type | Mailing / Service Address |
|---|---|---|
| **Emerald Coast Utilities Auth. (Acct 2)** | Water & Sewer | Emerald Coast Utilities Authority<br>P.O. Box 18870<br>Pensacola, FL 32523-8870 |
| **FPL Northwest (Acct 1)** | Electric | FPL / NextEra Energy<br>P.O. Box 025576<br>Miami, FL 33102-5576 |
| **GoTo Communications, Inc.** | Internet & Phone (VoIP) | GoTo (LogMeIn Inc.)<br>333 Summer St<br>Boston, MA 02210 |
| **Uniti Fiber** | Internet & Phone (Fiber) | Uniti Fiber<br>2101 Riverfront Dr, Ste A<br>Little Rock, AR 72202 |

## URBAN MEDSPA & WEIGHT LOSS CENTER CHARLOTTE, P.C.

| Vendor / Provider | Utility Type | Mailing / Service Address |
|---|---|---|
| Duke Energy (Acct 1) | Electric | Duke Energy<br>P.O. Box 70516<br>Charlotte, NC 28272-0516 |
| Spectrum Enterprise | Internet & Phone | Spectrum Enterprise<br>Box 223085<br>Pittsburgh, PA 15251-2085 |