## EXHIBIT A

**Interim Order**

10837404.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GVO PARTNERS LLC, *et al.*,[1] | ) | Case No. 26-10976-KBO |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | RE: D.I. |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO
OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN
PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING
BUSINESS FORMS, AND (D) CONTINUE CERTAIN INTERCOMPANY
TRANSACTIONS; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of this interim order (the

"**Order**") and a final order: (i) authorizing, but not directing, the Debtors, in their sole discretion,

to (a) continue to operate their Cash Management System, (b) pay any prepetition or postpetition

amounts outstanding on account of the Bank Claims, (c) maintain existing Business Forms in the

ordinary course of business, and (d) continue to perform intercompany transactions consistent with

historical practice, and (ii) granting related relief, all as more fully set forth in the Motion; and

upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the

United States District Court for the District of Delaware dated February 29, 2012; and this Court

having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having

found that venue of these cases and this proceeding is proper in this district pursuant to 28 U.S.C.

---

[1]    The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: GVO Partners LLC (5862); GVO Holdings Group LLC (8330), GVO Topco LLC (5638); GVO Urban, LLC (8860); GVO Still Waters, LLC (5823); GVO Sweetgrass, LLC (7775); and Urban Medspa & Weight Loss Center Charlotte, P.C. (7185).  The Debtors' mailing address is 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.

[2]    Capitalized terms used but not defined herein have the meaning ascribed in the Motion.

1

§§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** on an interim basis as set forth herein.

2. A final hearing on the Motion is set for _____, 2026 at ___ a.m./p.m. (ET). Any objections or responses to the entry of the proposed Final Order shall be filed on or before 4:00 p.m. (ET) on _____, 202u, and shall be served on the proposed counsel for the Debtors and on any other parties requesting service pursuant to Bankruptcy Rule 2002.  If no objections or responses are timely filed and served, the Court may enter the Final Order without further notice or hearing.

3. The Debtors are authorized, but not directed, to maintain and use the Cash Management System as described in the Motion.

4. The Debtors are authorized, but not directed, to open new bank accounts or close any existing bank accounts as they may deem necessary and appropriate in their sole discretion; *provided that* (a) the Debtors shall give five days advance notice to the U.S. Trustee, and any statutory committees appointed in Cases, and (b) any new bank account shall be at a bank that has

2

executed a Uniform Depository Agreement with the Office of the U.S. Trustee for the District of Delaware, or at such bank that is willing to immediately execute such an agreement. Upon the opening of any new bank account, such bank account will automatically, without any further action by the DIP Lender or the Debtors or further order of this Court, be subject to the liens, claims, and encumbrances of the DIP Lender; provided that such liens, claims and encumbrances of the DIP Lender on any account established to provide a deposit pursuant to section 366 of the Bankruptcy Code shall be subject in all respects to the claims of utility providers to such account. The relief granted in this Order is extended to any new bank account opened by the Debtors after the date hereof, which account shall be deemed a Bank Account, and to the bank at which such account is opened.

5. In each instance in which the Debtors hold an account at a Bank that is a party to a Uniform Depository Agreement with the Office of the U.S. Trustee for the District of Delaware, within one business day from the date of entry of this Order, the Debtors shall (a) contact the Bank; (b) provide the Bank with each of the Debtors' employer identification numbers; and (c) identify each of their accounts held at the Bank as being held by a debtor in possession.

6. The U.S. Trustee Guidelines are hereby modified such that the Debtors are not required to: (a) close all existing bank accounts and open new debtor in possession accounts or (b) establish specific bank accounts for tax payments.

7. To the extent any of the Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have 30 days from the date of this Order to comply with section 345 of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines. The Debtors or the U.S. Trustee may seek

3

further relief from the Court to the extent necessary.  The U.S. Trustee's rights to seek further relief from this Court on notice are fully reserved.

8.    The Bank Accounts are deemed debtor in possession accounts.  The Debtors are authorized, but not directed, to maintain and use the Bank Accounts in the same manner and with the same account numbers, styles, and document forms as those employed prior to the Petition Date, including, without limitation: (a) to deposit funds in, and withdraw funds from, the Bank Accounts by all usual means, including checks, wire transfers, ACH transfers, drafts, electronic fund transfers, and other debits or items presented, issued, or drawn on the Bank Accounts; (b) to pay ordinary course Bank Claims in connection with the Bank Accounts, including, subject to paragraph 10 of this Order, any Bank Claims arising prior to the Petition Date; and (c) to perform their obligations under the documents and agreements governing the Bank Accounts, including without limitation, any prepetition Cash Management agreements or treasury services agreements, in each case subject to the limitations of each applicable deposit account control agreement.

9.    Those certain existing deposit agreements between the Debtors and the Banks shall continue to govern the postpetition Cash Management relationship between the Debtors and the Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.

10.    The Debtors are authorized, but not directed, to pay and/or reimburse the Banks and their service providers, including the merchant processors, in the ordinary course of business for any Bank Claims arising prior to the Petition Date, up to $5,000 on an interim basis.  The Debtors are authorized, but not directed, to continue to operate under their applicable merchant processing agreements with the merchant processors.  The merchant processors are authorized to receive or obtain payment for the bank and processor charges as provided under, and in the manner

4

set forth in, their applicable merchant processing agreements.  Any postpetition bank and processor charges that a merchant processor may have shall be entitled to, in addition to any other lien, collateral, or payment priority rights in support thereof, administrative expense priority status pursuant to section 503(b) of the Bankruptcy Code.

11.    The Banks are authorized, without the need for further order of this Court, to in the ordinary course of business: (a) continue to administer, service, and maintain the Bank Accounts as such accounts were administered, serviced, and maintained prior to the Petition Date, without interruption and in the ordinary course; (b) receive, process, honor, and pay any and all checks, drafts, wires, ACH transfers, electronic fund transfers, payment orders, or other items presented, issued, or drawn on the Bank Accounts (collectively, the "**Disbursements**") on account of a claim; and (c) debit the Bank Accounts for: (i) all undisputed prepetition bank and service fees outstanding as of the date hereof, if any, owed to the Banks for the maintenance of the Cash Management System; (ii) all checks drawn on the Debtors' Bank Accounts which were cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; and (iii) all checks or other items deposited in one of the Debtors' Bank Accounts with such Bank prior to the Petition Date, which have not been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the applicable Debtor was responsible for such items prior to the Petition Date.

12.    The Banks are authorized to and shall rely on the representations of the Debtors as to which Disbursements are authorized to be honored or dishonored, whether or not such Disbursements are dated, drawn, or issued prior to, on, or subsequent to the Petition Date, and whether or not the Banks believe the payment is authorized by an order of the Court.  The Banks shall not be deemed in violation of this Order and shall have no liability for relying on such

5

representations by the Debtors or honoring any Disbursement that is subject to this Order at the direction of the Debtors to honor such prepetition Disbursement. To the extent that the Debtors direct that any Disbursement be dishonored, the Banks shall honor such direction, and to the extent that the Banks inadvertently dishonor any Disbursements, the Debtors may issue replacement Disbursements consistent with the orders of this Court.

13. The Banks are further authorized to (a) honor the Debtors' directions with respect to the opening or closing of any Bank Account, and (b) accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions, and the Banks shall have no liability to any party for relying on such representations or instructions.

14. To the extent any other order is entered by this Court authorizing the Banks to honor checks, drafts, ACH transfers, or other electronic funds transfers or any other withdrawals made, drawn, or issued in payment of prepetition claims, the obligation to honor such items shall be subject to this Order.

15. The Debtors shall serve a copy of this Order on the Banks within one business day of the entry of this Order, and upon any bank at which the Debtors open a new bank account, immediately upon the opening of such new account.

16. In connection with the ongoing use of their Cash Management System, the Debtors shall continue to maintain records with respect to all transfers, including but not limited to intercompany transfers, so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions. The Debtors and the Banks may agree, without further order of this Court, to implement any changes to the Cash Management System and procedures in the ordinary course of business that they deem appropriate

10837404.1

in their sole discretion, including, without limitation, closing any of the Bank Accounts or opening new bank accounts as set forth herein.

17.     The Debtors are authorized, but not directed, to continue use of their corporate credit cards for ordinary course business expenses and shall honor all related postpetition obligations in accordance with the terms of their applicable card agreements.

18.     The Debtors are authorized, but not directed, to continue engaging in intercompany transactions in connection with the Cash Management System, in the ordinary course of business consistent with past practice; *provided*, *however*, that there shall be no intercompany loans or transfers from the Debtors to any non-debtors.  All postpetition payments from a Debtor to another Debtor under any postpetition intercompany transactions authorized hereunder that result in an intercompany claim are hereby accorded administrative expense status under section 503(b) of the Bankruptcy Code.

19.     The Debtors are authorized, but not directed to, continue to use their existing Business Forms without alternation or change and without the designation "Debtor in Possession" imprinted upon them; *provided, however,* that, once the Debtors have exhausted their existing stock of Business Forms, subsequently printed checks bear the designation "Debtor in Possession" and the joint case number.

20.     Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees payable under 28 U.S.C. § 1930(a)(6) based on the disbursements of (or on behalf of) each Debtor regardless of which entity actually makes such disbursements.

21.     Nothing in this Order nor any action taken hereunder: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy

7

Code or an admission as to the validity of any claim against the Debtors or their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; or (iv) shall be construed as a promise or obligation to pay a claim or continue any applicable program postpetition.

22.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied because the relief set forth in this Order is necessary to avoid immediate and irreparable harm.

23.     Notice of the Motion as provided therein shall be deemed good and sufficient pursuant to the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

24.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

25.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

26.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

8

10837404.1