**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GVO PARTNERS LLC, *et al.*,[1] | ) | Case No. 26-10976 (KBO) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | RE: D.I. |

**INTERIM ORDER (A) AUTHORIZING THE DEBTORS' USE OF**
**CASH COLLATERAL; (B) GRANTING ADEQUATE PROTECTION**
**TO THE PREPETITION SECURED PARTIES; (C) SCHEDULING**
**A FINAL HEARING; AND (D) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the above-referenced chapter 11 cases (these "**Cases**") for entry of an interim order (this "**Interim Order**"), pursuant to sections 105, 361, 362, 363, and 552 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 4001-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for the Debtors to use cash collateral as defined in section 363 of the Bankruptcy Code (the "**Cash Collateral**"), solely in accordance with the terms of this Interim Order, upon which Firstrust has asserted a perfected security interest and liens; and the Interim Hearing having been held by this Court; and pursuant to Bankruptcy Rule 4001 and Local Rule 4001-2, due and sufficient notice of the Motion and the relief sought at the Interim Hearing

---

[1]     The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: (1) GVO Partners LLC (5862); (2) GVO Holdings Group LLC (8330), (3) GVO Topco LLC (5638); (4) GVO Urban, LLC (8860); (5) GVO Still Waters, LLC (5823); (6) GVO Sweetgrass, LLC (7775); and (7) Urban Medspa & Weight Loss Center Charlotte, P.C. (7185).  The Debtors' mailing address is 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.

[2]     Capitalized terms not defined herein have the meanings given to them in the Motion.

1

having been given under the particular circumstances by the Debtors; this Court having considered the Motion and all pleadings related thereto, including the record made by the Debtors at the Interim Hearing; and all objections, if any, to the relief requested in the Motion on an interim basis having been withdrawn, resolved, or overruled by this Court; and the Court having been advised that Firstrust consents to the relief requested herein; and after due deliberation and consideration, and good and sufficient cause appearing therefor:

**THE COURT FINDS AS FOLLOWS:**

A.      On June 16, 2026 (the "**Petition Date**"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing to operate their respective businesses and manage their respective properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.      No official committee of unsecured creditors (any such committee, the "**Committee**"), as provided for under section 1102 of the Bankruptcy Code, has been appointed in these Cases.

C.      The Debtors have requested immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2) and have an immediate need to obtain use of the Cash Collateral in order to permit, among other things, the preservation of their assets and estates upon which Firstrust asserts a perfected security interest. Without such funds, the Debtors will be unable to pay the necessary expenses associated with operating and managing their estates in the ordinary course of business, including, without limitation, their ability to pay payroll, taxes, general maintenance costs, and administrative expenses in these Cases. The ability of the Debtors to fund their operations through the use of the purported Cash Collateral is vital to their efforts to maximize the value of their estates for the benefit of all stakeholders in pursuit of a Sale during these Cases.

Absent entry of this Interim Order, the Debtors' estates will be immediately and irreparably harmed.

D.      Notice of this relief was provided by the Debtors to: : (a) the Office of the United States Trustee for the District of Delaware; (b) the United States Attorney for the District of Delaware; (c) the attorneys general for all states in which the Debtors conduct business; (d) the Internal Revenue Service; (e) counsel for Firstrust; (f) the holders of the 30 largest claims against the Debtors on a consolidated basis; and (g) all parties that have requested notice pursuant to Bankruptcy Rule 2002.  Given the nature of the relief sought, the Court concludes that sufficient and adequate notice of the Interim Hearing has been given pursuant to Bankruptcy Rules 2002, 4001(b), 4001(d), and 9014 of the Bankruptcy Code and section 102(1) of the Bankruptcy Code as required by sections 361 and 363 of the Bankruptcy Code, and that, given the exigent circumstances presented by the Motion, no further notice of, or hearing on, the Motion being required, and that the relief sought at the Interim Hearing being granted herein is necessary or required.

E.      Consideration of this Motion constitutes a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (D), (M), and (O). This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

F.      Adequate protection exists in Firstrust's interests in the Cash Collateral proposed to be used by the Debtors by virtue of (a) the Adequate Protection Liens, (b) the Adequate Protection Superpriority Claims, and (c) as otherwise provided herein.

G.      Under the circumstances, good, adequate, and sufficient cause has been shown to justify entry of this Interim Order. Among other things, granting the relief set forth in this Interim Order will permit the Debtors to meet their expenses and maximize their value for the benefit of their stakeholders.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:[3]**

1.      Subject to the terms and conditions of this Interim Order, the Court hereby authorizes the Debtors to use the purported Cash Collateral during the period (the "**Budget Period**") beginning on the Petition Date and ending after a Termination Event (as defined below) for the disbursements set forth in the budget attached hereto as **Exhibit 1** (the "**Budget**"), or in such greater amounts as may be agreed by Firstrust; *provided, however*, that the Debtors shall provide any revised Budget to the United States Trustee and the Committee (if any) within two business days of any such agreement with Firstrust to amend the Budget. The expenditures authorized in the Budget shall include a 15% variance for each individual line item within the Budget Period.

2.      Subject to the adequate protection set forth herein, the Debtors are authorized to use the purported Cash Collateral during the interim period between the Petition Date and the Final Hearing, the Debtors shall be authorized to make the expenditures set forth in the Budget; *provided however,* that nothing in this Interim Order shall constitute a determination by the Court regarding (a) the extent, if any, to which any asset of the Debtors may constitute "cash collateral" (as defined by the Bankruptcy Code) pursuant to the terms of this Interim Order or (b) the entitlement of any

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

party to receive any form of adequate protection, with all parties' rights being reserved with respect to clauses (a) and (b) hereof.

3.      As adequate protection for the interest of Firstrust, for, and solely to the extent of, any diminution in the value of in Firstrust's interest in the Prepetition Collateral resulting from (i) the Debtor's use of cash collateral, (ii) the use, sale, or lease of the Prepetition Collateral (other than Cash Collateral) pursuant to section 363(c) of the Bankruptcy Code, and (iii) the imposition of the automatic stay pursuant to section 362(a) of the Bankruptcy Code, Firstrust is hereby granted a continuing replacement security interest in, and lien (collectively, the "**Adequate Protection Lien**"), which shall have the same priority, validity, force, extent, status of perfection (if any), and effect as the Prepetition Liens it replaces, effective as of the Petition Date without the necessity of Firstrust taking any further action, upon the right, title, and interest in the following property of the Debtor: (a) all Prepetition Collateral of Firstrust, including all proceeds, profits, rents, and products thereof; and (b) property acquired by the Debtor after the Petition Date, which is of the same nature, kind, and character as the Prepetition Collateral, and all proceeds, profits, rents, and products thereof.

4.      Except as provided herein, the Adequate Protection Liens shall not be made subject to or *pari passu* with any lien or security interest heretofore or hereinafter in these Cases. The Adequate Protection Liens shall not be subject to sections 510, 549, or 550 of the Bankruptcy Code. No lien or interest avoided and preserved for the benefit of the estate pursuant to section 551 of the Bankruptcy Code shall be *pari passu* with or senior to the Prepetition Liens or the Adequate Protection Liens, subject to Permitted Liens, and to any valid, perfected, unavailable liens or security interests in existence as of the Petition Date or that are perfected subsequent to the Petition Date as permitted by Bankruptcy Code section 546(b).

5.      As further adequate protection of the interests of Firstrust in the Prepetition Collateral against any diminution in value of such interests in the Prepetition Collateral, Firstrust is hereby granted as, and to the extent provided by section 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim in the Cases (the "**Adequate Protection Superpriority Claims**").

6.      The Adequate Protection Superpriority Claims shall have priority over all administrative expense claims and unsecured claims against the Debtor or its estate, now existing or hereafter arising, of any kind or nature whatsoever, as and to the extent provided by Bankruptcy Code section 507(b).

7.      The rights of all parties in interest are hereby reserved with respect to the Final Hearing, including, but not limited to, asserting that any property is not subject to the Prepetition Liens and any property may be used by the Debtors and their estates in the operation of their businesses and administration of these Cases. Further, the Debtors (or any Committee appointed in these Cases or other parties in interest that may have standing) reserve their rights to dispute that Firstrust hold a valid, enforceable, perfected, and/or unavoidable security interest in and/or liens upon the Cash Collateral or other Prepetition Collateral or property of the Debtors, including any Cash Collateral derived from the Debtors' business operations. Nothing in the Motion or this Interim Order shall act to confirm, acknowledge, or ratify the validity, perfection, or amount of Firstrust's Prepetition Liens on any of the Debtors' property, nor shall the Debtors' rights be impaired to seek to impose additional security interests or liens on any of the Prepetition Collateral or other property, whether senior or junior to the Prepetition Liens, nor act as a waiver of any claims against Firstrust or of any of the Debtors' rights under section 506(c) of the Bankruptcy Code. Nothing in the Motion or this Interim Order shall constitute a "rollover" of any prepetition

debt to constitute a postpetition debt, grant relief from the automatic stay, nor operate to divest the Debtors of any discretion in the formulation of a plan or the administration of these estates in any way.

8.      The Debtors' authorization to use the purported Cash Collateral pursuant to this Interim Order shall terminate on the earliest to occur of (each such occurrence being hereinafter referred to as a "**Termination Event**"): (a) January 31, 2026; (b) the dismissal of these Cases or the conversion of these Cases to cases under chapter 7 of the Bankruptcy Code; (c) the appointment or election of a trustee, examiner with expanded powers, or any other representative with expanded powers; (d) the occurrence of the effective date or consummation date of a plan of reorganization for the Debtors; (e) the entry of an order of this Court reversing, staying vacating, or otherwise modifying in any material respect the terms of this Interim Order; (f) the entry of a final order approving a superseding stipulation entered into by and between the Debtors and Firstrust; or (g) the entry of a final order by this Court governing the use of the Cash Collateral. On and after the occurrence of a Termination Event specified in Clauses (a) through (e) above, the Debtors shall, within two business days, cease using the purported Cash Collateral absent the written consent of any party claiming an interest in such Cash Collateral or further order of this Court.

9.      The Debtors are authorized and directed to perform all acts and to make, execute, and deliver any and all instruments as may be reasonably necessary to implement the terms and conditions of this Interim Order and the transactions contemplated hereby.

10.     The terms of this Interim Order shall be valid and binding upon the Debtors, all creditors of the Debtors, and all other parties in interest from and after the entry of this Interim Order by this Court. In the event this Court stays, modifies, or vacates any of the provisions of this

Interim Order following any further hearing, such modifications, stays, or vacation shall not affect the rights of Firstrust granted pursuant to this Interim Order.

11.     Notwithstanding any such stay, modification, or vacation, any indebtedness, obligations, or liability incurred by the Debtors pursuant to this Interim Order arising prior to Firstrust's receipt of notice of the effective date of such stay, modification, or vacation shall be governed in all respects by the original provision of this Interim Order, and Firstrust shall continue to be entitled to all of the rights, remedies, privileges, and benefits authorized herein, with respect to all such indebtedness, obligation, or liability, and the validity of any payments made or obligations owed, or credit extended pursuant to, this Interim Order is and shall remain subject to the protections afforded under the Bankruptcy Code.

12.     A final hearing on the relief sought in the Motion shall be conducted on _____, 2026 at _____ (ET) (the "**Final Hearing**"). Any party-in-interest objecting to the relief sought at the Final Hearing or the Final Order shall file and serve a written objection, which objection shall be served upon (a) proposed counsel for the Debtors; (b) the Office of the United States Trustee for the District of Delaware; (c) counsel for Firstrust; (d) all parties that have requested notice pursuant to Bankruptcy Rule 2002); and (e) counsel to any statutory committee appointed in these Cases (if any), so as to be received no later than _____, 2026 at 4:00 p.m. (ET). If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

13.     This Interim Order shall constitute findings of fact and conclusions of law. This Interim Order shall take effect immediately upon entry hereof, *nunc pro tunc* to the Petition Date, immediately upon entry hereof.

14.	This Interim Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect and be enforceable nunc pro tunc to the Petition Date immediately upon execution thereof.

15.	Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

16.	The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

17.	This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

EXHIBIT 1

**GVO and Subsidiaries Cash Flow Forecast**
*13 Week Cash Flow Forecast*
DRAFT Dated June 8, 2026

**Reporting Week**    5/31/2026

| | Week 1 2026 Jun 06/07/26 Budget | Week 2 2026 Jun 06/14/26 Budget | Week 3 2026 Jun 06/21/26 Budget | Week 4 2026 Jun 06/28/26 Budget | Week 5 2026 Jul 07/05/26 Budget | Week 6 2026 Jul 07/12/26 Budget | Week 7 2026 Jul 07/19/26 Budget | Week 8 2026 Jul 07/26/26 Budget | Week 9 2026 Aug 08/02/26 Budget | Week 10 2026 Aug 08/09/26 Budget | Week 11 2026 Aug 08/16/26 Budget | Week 12 2026 Aug 08/23/26 Budget | Week 13 2026 Aug 08/30/26 Budget | Week 14 2026 Sep 09/06/26 Budget | Week 15 2026 Sep 09/13/26 Budget | Week 16 2026 Sep 09/20/26 Budget | Week 17 2026 Sep 09/27/26 Budget | Week 18 2026 Oct 10/04/26 Budget | Week 19 2026 Oct 10/11/26 Budget | Cumulative 06/07/26 to 10/11/26 Cumulative |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Cash Inflows** | | | | | | | | | | | | | | | | | | | | |
| Collections | 285,087 | 292,508 | 300,184 | 293,490 | 273,469 | 276,836 | 286,929 | 287,236 | 286,358 | 284,053 | 282,480 | 283,982 | 285,173 | 270,769 | 297,541 | 362,131 | 293,107 | - | - | 4,941,335 |
| Intercompany Receipts | 23,505 | 14,034 | 8,073 | - | 19,854 | 12,509 | 7,660 | - | 18,655 | 11,221 | 7,010 | - | - | - | - | - | - | - | - | 122,521 |
| **CASH INFLOWS** | **308,592** | **306,542** | **308,257** | **293,490** | **293,323** | **289,345** | **294,589** | **287,236** | **305,013** | **295,274** | **289,490** | **283,982** | **285,173** | **270,769** | **297,541** | **362,131** | **293,107** | **-** | **-** | **5,063,856** |
| **Operating Expenses** | | | | | | | | | | | | | | | | | | | | |
| Payroll | (146,190) | (124,556) | (147,523) | (131,223) | (146,190) | (115,397) | (153,348) | (115,397) | (165,348) | (115,397) | (153,348) | (115,397) | (165,348) | (115,397) | (156,681) | (115,397) | (165,348) | - | - | (2,347,488) |
| Rent | - | - | - | - | (68,353) | - | - | - | (68,353) | - | - | - | - | (68,353) | - | - | - | - | - | (205,059) |
| OpEx | (143,518) | (121,797) | (119,200) | (111,906) | (142,108) | (128,417) | (122,685) | (112,244) | (115,377) | (136,793) | (128,905) | (118,361) | (101,948) | (140,561) | (124,922) | (130,281) | (106,440) | - | - | (2,105,462) |
| **OPERATING EXPENSES** | **(289,707)** | **(246,353)** | **(266,723)** | **(243,129)** | **(356,651)** | **(243,814)** | **(276,033)** | **(227,641)** | **(349,078)** | **(252,190)** | **(282,254)** | **(233,758)** | **(267,296)** | **(324,311)** | **(281,603)** | **(245,679)** | **(271,788)** | **-** | **-** | **(4,658,009)** |
| **Other Expenses** | | | | | | | | | | | | | | | | | | | | |
| Intercompany | (23,505) | (14,034) | (8,073) | - | (19,854) | (12,509) | (7,660) | - | (18,655) | (11,221) | (7,010) | - | - | - | - | - | - | - | - | (122,521) |
| **OTHER EXPENSES** | **(23,505)** | **(14,034)** | **(8,073)** | **-** | **(19,854)** | **(12,509)** | **(7,660)** | **-** | **(18,655)** | **(11,221)** | **(7,010)** | **-** | **-** | **-** | **-** | **-** | **-** | **-** | **-** | **(122,521)** |
| **Operating Cash Flow** | **(4,620)** | **46,155** | **33,461** | **50,362** | **(83,182)** | **33,022** | **10,896** | **59,595** | **(62,721)** | **31,863** | **227** | **50,224** | **17,877** | **(53,542)** | **15,938** | **116,453** | **21,318** | **-** | **-** | **283,326** |
| **Professional and Restructuring Fees** | | | | | | | | | | | | | | | | | | | | |
| **Company Professionals** | | | | | | | | | | | | | | | | | | | | |
| Debtor's Counsel | - | - | - | - | - | - | - | - | - | (200,000) | - | - | - | - | (125,000) | - | (125,000) | - | (75,000) | (525,000) |
| Corporate Counsel | - | - | - | - | (50,000) | - | - | - | - | (50,000) | - | - | - | - | - | - | (50,000) | - | - | (150,000) |
| Force Ten Partners LLC | - | - | - | - | - | - | - | - | - | (135,000) | - | - | - | - | (110,000) | - | (110,000) | - | (110,000) | (465,000) |
| Investment Banker | - | - | - | - | (20,000) | - | - | - | - | (20,000) | - | - | - | - | - | - | - | - | - | (40,000) |
| Independent Director | - | - | (20,000) | - | (20,000) | - | - | - | - | (20,000) | - | - | - | (20,000) | - | - | - | - | - | (80,000) |
| **Ch. 11 Related Expenses** | | | | | | | | | | | | | | | | | | | | |
| Office of the U. S. Trustee | - | - | - | - | - | - | - | (4,264) | - | - | - | - | - | - | - | - | - | - | (30,887) | (35,151) |
| **PROFESSIONAL AND RESTRUCTURING FEES** | **-** | **-** | **(20,000)** | **-** | **(90,000)** | **-** | **-** | **(4,264)** | **-** | **(425,000)** | **-** | **-** | **-** | **(20,000)** | **(235,000)** | **-** | **(285,000)** | **-** | **(215,887)** | **(1,295,151)** |
| **Cash** | | | | | | | | | | | | | | | | | | | | |
| Beginning Cash | 141,259 | 136,638 | 182,794 | 196,255 | 246,616 | 73,434 | 106,457 | 117,353 | 172,684 | 109,964 | (283,174) | (282,947) | (232,723) | (214,846) | (288,388) | (507,450) | (390,997) | (654,679) | (654,679) | 141,259 |
| Ending Cash | 136,638 | 182,794 | 196,255 | 246,616 | 73,434 | 106,457 | 117,353 | 172,684 | 109,964 | (283,174) | (282,947) | (232,723) | (214,846) | (288,388) | (507,450) | (390,997) | (654,679) | (654,679) | (870,566) | (870,566) |

Filing Date

Week Ending -->