EXHIBIT A

10837873.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GVO PARTNERS LLC, *et al.*,[1] | ) | Case No. 26-10976-KBO |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | RE: D.I. |

**INTERIM ORDER AUTHORIZING DEBTORS TO PAY PREPETITION AMOUNTS**
**TO CERTAIN CRITICAL VENDORS**

Upon consideration of the motion (the "**Motion**")[2] of the above captioned debtors and

debtors in possession (the "Debtors"), pursuant to sections 105(a), 363(b), 1107(a), and 1108 of

the Bankruptcy Code and Federal Rule of Bankruptcy Procedure Rule 6004, seeking entry of

orders authorizing, but not directing, the Debtors to pay, in the ordinary course of business, the

prepetition, fixed, liquidated, and undisputed claims (the "**Critical Vendor Claims**") of certain

critical vendors (collectively, the "**Critical Vendors**") which provide goods that the Debtors deem,

in the exercise of their business judgment, to be essential for the continued operation of the

Debtors' businesses and the preservation of the value of their assets; and upon the statements of

counsel in support of the relief requested in the Motion at the hearing before the Court; and it

appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and

1334 and the *Amended Sanding Order of Reference from the United States District Court for the*

*District of Delaware*, dated February 29, 2012; and it appearing that venue of these Cases and the

---

[1]     The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: GVO Partners LLC (5862); GVO Holdings Group LLC (8330), GVO Topco LLC (5638); GVO Urban, LLC (8860); GVO Still Waters, LLC (5823); GVO Sweetgrass, LLC (7775); and Urban Medspa & Weight Loss Center Charlotte, P.C. (7185).  The Debtors' mailing address is 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.

[2]     Capitalized terms used but not otherwise defined in this order have the meanings ascribed to such terms in the Motion.

1

10837874.1

Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.  A final hearing on the relief sought in the Motion is set for _____, 2026 at \_\_:\_\_ a.m./p.m. (ET).  Any objections or responses to the entry of the proposed Final Order shall be filed on or before 4:00 p.m. (ET) on _____, 2026, and shall be served on the proposed counsel for the Debtors and on any other parties requesting service pursuant to Bankruptcy Rule 2002.  If no objections or responses are timely filed and served, the Court may enter the Final Order without further notice or hearing.

2.  Subject to the Final Hearing, the Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, to pay in the ordinary course of business, the prepetition, fixed, liquidated and undisputed Critical Vendor Claims to the Critical Vendors in an amount not to exceed the collective sum of $589,230.16. Notwithstanding, the Debtors are not authorized to pay claims of "insiders" (as that term is defined in Section 101(31)), employees, attorneys/law firms or professional persons (as that phrase appears in Section 327(a)) pursuant to this Interim Order.

3.  The Debtors are authorized, but not directed, in their sole discretion, to condition the payment of Critical Vendor Claims upon each Critical Vendor's agreement to continue supplying goods postpetition on terms that are acceptable to the Debtors.  The Debtors shall use

10837874.1

their reasonable best efforts to require the applicable Critical Vendor to provide trade credit terms for the postpetition delivery of goods that are at least as favorable as prepetition trade terms.  In some circumstances, the Debtors are authorized, but not directed, to require certain Critical Vendors to enter into a contractual agreement evidencing such terms.

4.      All applicable banks and other financial institutions (collectively, the "**Banks**") are (i) authorized, when requested by the Debtors in their sole discretion, to receive, process, honor, and pay any and all checks, drafts, and other forms of payment, including fund transfers, on account of the Critical Vendor Claims, whether such checks or other requests were submitted before, on, or after the Petition Date; (ii) authorized to rely on the representations of the Debtors as to which checks are subject to the Motion, provided that any such Bank shall not have any liability to any party for relying on such direction and representations by the Debtors for inadvertently honoring or dishonoring any check or fund transfer; (iii) the Banks shall, at the discretion of the Debtors, receive, process, honor, and pay all prepetition and post-petition checks and fund transfers on account of the Critical Vendor Claims that had not been honored and paid as of the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments and that any such Banks shall not have any liability to any party for relying on such direction by the Debtors; and (iv) the Debtors are authorized to issue new post-petition checks or effect new post-petition fund transfers to replace any checks, drafts and other forms of payment which may be inadvertently dishonored or rejected.

5.      Notwithstanding the relief granted in this Interim Order, and any actions taken pursuant to such relief, nothing in this Interim Order shall be (a) construed as a request to assume or reject, or for authority to assume or reject, any executory contract or unexpired lease under section 365 of the Bankruptcy Code or otherwise, (b) waive, affect, or impair any of the Debtors'

3

rights, claims, or defenses, including, but not limited to, those arising from section 365 of the Bankruptcy Code, other applicable law, or any agreement, (c) grant third-party beneficiary status or bestow any additional rights on any third party, (d) be otherwise enforceable by any third party other than the Banks, or (e) impair the Debtors' ability to contest or object to any claims, including the Critical Vendor Claims, asserted against the Debtors on any ground permitted by applicable law.

6.      In the event a Critical Vendor does not continue to provide services on agreed-upon terms: (a) any payment to that Critical Vendor on account of a Critical Vendor Claim is deemed an improper postpetition transfer, and, therefore, recoverable from the Critical Vendor; and (b) upon recovery of the payment by the Debtors, the Critical Vendor Claim shall be reinstated as if the payment had not been made.  In lieu of recovery of such payments, if there exists an outstanding postpetition balance due from the Debtors to a Critical Vendor, the Debtors may recharacterize and apply any payment made pursuant to an order granting the Motion to such outstanding postpetition balance and such Critical Vendor will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

7.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order this shall be immediately effective and enforceable upon its entry.

8.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

10837874.1

9.      The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Interim Order.

5

10837874.1