**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GVO PARTNERS LLC, *et al.*,[1] | ) | Case No. 26-10976-KBO |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **[Requested] Hearing Date: July 21, 2026** |
| | ) | **[Requested] Objection Deadline: July 20, 2026** |
| | ) | **at 12:00 p.m. (Noon) (ET)** |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER CONVERTING**
**THESE CHAPTER 11 CASES TO CASES UNDER CHAPTER 7 OF**
**THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

The debtors and debtors in possession (each, a "**Debtor**" and collectively, the "**Debtors**") in the above-captioned cases (these "**Cases**"), by and through their undersigned proposed counsel, hereby move for entry of an order (i) converting these Cases to cases under chapter 7 of the Bankruptcy Code[2] (ii) establishing procedures governing conversion, including with respect to the allowance and payment of compensation to professionals retained in these Cases; and (iii) granting related relief. In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "**Standing Order**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III

---

[1]      The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: GVO Partners LLC (5862); GVO Holdings Group LLC (8330), GVO Topco LLC (5638); GVO Urban, LLC (8860); GVO Still Waters, LLC (5823); GVO Sweetgrass, LLC (7775); and Urban Medspa & Weight Loss Center Charlotte, P.C. (7185).  The Debtors' mailing address is 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.
[2] Title 11 United States Code, 11 U.S.C.

12010619.2

of the United States Constitution.2 Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory and legal predicates for the relief sought herein are sections 105(a), 331, and 1112 of the Bankruptcy Code; Rules 1017, 1019, 2016, and 9013 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and Local Rule 2002(f).

## BACKGROUND

**A.     Commencement of these Cases.**

3.     On June 16, 2026 (the "**Petition Date**"), each of the Debtors filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or an examiner. These Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) [D.I. 18].

4.     No official committee of unsecured creditors (any such committee, the "**Committee**"), as provided for under section 1102 of the Bankruptcy Code, has been appointed in these Chapter 11 Cases.

5.     As set forth in the *Declaration of Joseph Sciamanna in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 15] (the "**First Day Declaration**"), the Debtors' business involves managing services and operating a group of medical aesthetics practices.  Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of these Cases is set forth in the First Day Declaration.

12010619.2

**B.      Use of Cash Collateral**

6.      On July 1, 2026, upon the Debtors' motion [D.I. 14], the Court entered that certain Interim Order *(A) Authorizing the Debtors' Use of Cash Collateral; (B) Granting Adequate Protection to the Prepetition Secured Parties; (C) Scheduling a Further Hearing; and (D) Granting Related Relief* [D.I. 48] (the "**Interim Cash Collateral Order**").

7.      A hearing to approve entry of final order granting use of Cash Collateral is currently scheduled for July 29, 2026 at 9:30 a.m. (ET).

8.      Subject to the Challenge rights of parties in interest in paragraph 7 of this Interim Order, Firstrust asserts a first priority, fully perfected blanket lien on and security interest in all of the Debtors' assets wherever located including but not limited to the proceeds thereof, pursuant to (3) loans extended to debtor, GVO Holdings Group LLC ("**GVO Holdings**"), in the original aggregate amount of $10,850,000 (the "**Loans**") and guaranteed by the remaining Debtors.

9.      Firstrust has consented on an interim basis to the Debtors' limited use of cash collateral for a period of ten (10) days from and after the date of entry of the Interim Cash Collateral Order, as strictly set forth therein, and other relief afforded by the Interim Cash Collateral Order.

10.      As of July 11, 2026 the Debtors will have no access to cash with which to continue their business or pay remaining personnel, nor to pursue a sale or propose and confirm a chapter 11 plan. The Debtors, therefore, have no feasible alternative but to convert their Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code.

12010619.2

**RELIEF REQUESTED**

11.     By this Motion, the Debtors seek entry of the Proposed Order converting these Cases to cases under chapter 7 of the Bankruptcy Code effective as of the date of the entry of the Proposed Order (the "**Conversion Date**").

12.     The Debtors also seek to establish the following procedures (the "**Conversion Procedures**") or the conversion of the Debtors Chapter 11 Cases:

(a)     **Professional Fees**.  Each professional whose retention in these Cases has been approved by the Court under section 327, 328, or 1103 of the Bankruptcy Code shall submit a final fee application (the "**Final Fee Applications**") in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of the Court on or before the later of (i) 21 days after the Conversion Date or (ii) ten (10) days after entry of an order approving such professional's retention (the "**Final Fee Application Deadline**").  A hearing on such Final Fee Applications will be held, at the Court's convenience, on or before the date that is 28 days after the Final Fee Application Deadline (the "**Final Fee Hearing**"). Approved amounts for professional fees and expenses shall be paid from the Debtors' chapter 7 estates. For the avoidance of doubt, the Final Fee Applications will cover the period from the Petition Date through the Conversion Date and no interim fee applications will be required.

(b)     **Discharge of Professionals.** On the Conversion Date, (i) all professionals retained by the Debtors shall be discharged, with no further action required by the Debtors; provided, however, Raines Feldman Littrell LLP shall be authorized but not directed to assist the Debtors in effectuating a conversion of these Cases to cases under chapter 7.

(c)     **Books and Records.** As soon as reasonably practicable, but in no event more than 14 days after the assumption of duties by the chapter 7 trustee, the Debtors shall turn over to the chapter 7 trustee the books and records of the Debtors and in the Debtors' possession, custody, and control, as required by Bankruptcy Rule 1019(4). For purposes hereof, the Debtors may provide copies (including electronic copies) of such books and records to the chapter 7 trustee, or instructions for locating and accessing such books and records, and may retain copies of such books and records to the extent necessary to complete the reports required herein.

(d)     **Lists and Schedules.** To the extent not already filed with the Court, within 14 days after the Conversion Date, the Debtors shall file the statements and schedules required by Bankruptcy Rules 1019(1)(A) and 1007(b).

4

12010619.2

(e)   **Schedule of Unpaid Debts.** Within 14 days after the Conversion Date, the Debtors shall file a schedule of unpaid debts incurred after commencement of these Cases, including the name and address of each creditor, as required by Bankruptcy Rule 1019(5).

(f)   **Final Report.** Within 30 days after the Conversion Date, the Debtors shall file and transmit to the chapter 7 trustee a final report and account in accordance with Bankruptcy Rule 1019(5)(A).

**BASIS FOR REQUESTED RELIEF**

A.   **Conversion of these Cases to Cases Under Chapter 7 of the Bankruptcy Code Is Proper Under Section 1112(a) of the Bankruptcy Code.**

13.   Pursuant to section 1112(a) of the Bankruptcy Code, a chapter 11 debtor may convert a case to chapter 7 as a matter of right, unless (a) the debtor is not a debtor in possession; (b) the case was originally commenced as an involuntary case under chapter 11; or (c) the case was converted to a case under chapter 11 other than at the debtor's request. 11 U.S.C. § 1112(a); *see* H.R. Rep. No. 95-595, 1st Sess. 405 (1977) ("Subdivision (a) gives the debtor an absolute right to convert a voluntarily commenced chapter 11 case in which the debtor remains in possession to a liquidation case."); S. Rep. No 95-989, 95th Cong., 2d Sess. 117 (1978) (same); *see also, e.g., Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142, 1161 (5th Cir. 1988) (noting that "a debtor has the absolute right to convert [its] Chapter 11 case to a Chapter 7 case"); *In re Dieckhaus Stationers of King of Prussia, Inc.*, 73 B.R. 969, 971 (Bankr. E.D. Pa. 1987) (stating that section 1112(a) "gives a debtor in possession an absolute right to convert, unless the case is governed by one of the enumerated exceptions"); *Abbott v. Blackwelder Furniture Co. (In re Blackwelder Furniture Co.)*, 33 B.R. 399, 401 (W.D.N.C. 1983) ("Congress provided the Chapter 11 debtor with the absolute right to accomplish voluntary conversion to a chapter 7 liquidation without Court approval.").

5

12010619.2

14.     Because none of the exceptions of section 1112(a) is applicable in this case, the Debtors have an absolute right to convert these Cases to cases under chapter 7 of the Bankruptcy Code.

**B.     Conversion of these Cases to Cases Under Chapter 7 of the Bankruptcy Code Is Also Proper Under Section 1112(b) of the Bankruptcy Code.**

15.     Section 1112(b) of the Bankruptcy Code provides that, "on request of a party in interest, and after notice and a hearing, the court shall convert a case under [chapter 11] to a case under chapter 7 or dismiss a case under [chapter 11], whichever is in the best interests of creditors and the estate, for cause . . . ." 11 U.S.C. § 1112(b)(1).

16.     As stated above, the Debtors have an absolute right to convert these Cases to chapter 7 under section 1112(a) of the Bankruptcy Code.   Thus, section 1112(b) need not be reached by the Court.   Nevertheless, in an abundance of caution, the Debtors note that "cause" exists to convert these Cases to cases under chapter 7 of the Bankruptcy Code. Section 1112(b)(4) contains a non-exhaustive list of what constitutes "cause." *In re Am. Capital Equip., LLC*, 688 F.3d 145, 161 (3d Cir. 2012). "Cause" includes the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A).   To satisfy this standard, a debtor must establish: (i) there has been a diminution of value of the estate and (ii) the debtor does not have a "reasonable likelihood of rehabilitation." *See, e.g., In re Citi-Toledo Partners,* 170 B.R. 602, 606 (Bankr. N.D. Ohio 1994) ("Section 1112(b)(1) contemplates a 'two-fold' inquiry into whether there has been a 'continuing diminution of the estate and absence of a reasonable likelihood of rehabilitation.'") (citing *In re Photo Promotion Assocs., Inc.*, 47 B.R. 454, 458 (Bankr. S.D.N.Y. 1985)); see also In re Wright Air Lines, Inc., 51 B.R. 96, 99 (Bankr. N.D. Ohio 1985) (stating that "[r]ehabilitation as used in

6

12010619.2

11 U.S.C. [§] 1112(b)(1) means 'to put back in good condition; re-establish on a firm, sound basis'") (citation omitted).

17. The Debtors satisfy the two-fold inquiry. As set forth above, the Debtors' express authorization from Firstrust to use Cash Collateral is terminated as of the date hereof without further authorization from Firstrust. Without access to cash, it is impossible for the Debtors to rehabilitate their businesses or remain in chapter 11 without a sale process on the horizon. *See, e.g., In re 1121 Pier Vill. LLC,* 635 B.R. 127, 137 (Bankr. E.D. Pa. 2022) (finding that "cause" existed to convert where there was no reasonable prospect that the Debtors would confirm a chapter 11 plan within a reasonable time).

18. At the same time, administrative claims, such as U.S. Trustee and professional fees, continue to accrue each day these Cases remain open. Continued delay will only further exhaust the limited assets of the Debtors' estates and increase the risk of unpaid administrative expense claims. Conversion of these Cases to cases under chapter 7 of the Bankruptcy Code is, therefore, in the best interest of the Debtors' estates. A chapter 7 trustee will be able to more efficiently and effectively bring these Cases to their conclusion by administering any assets that remain in the Debtors' estates.

19. Due to the substantial and continuing loss to, or diminution of, the Debtors' estates and the absence of a reasonable likelihood of rehabilitation, conversion of these Cases to cases under chapter 7 for "cause" under section 1112(b)(2) of the Bankruptcy Code is warranted, necessary, and in the best interest of creditors and the estate.

**C.    Scheduling a Final Fee Hearing and Granting Related Relief Is Appropriate.**

20. As part of the Proposed Order, the Debtors request that the Court grant certain related relief to provide for an efficient and prompt transition to chapter 7. First, the Debtors

12010619.2

request that the Court approve the payment of professional fees from the Debtors' chapter 7 estates. *Second,* the Debtors request that the Court schedule a Final Fee Hearing to consider Final Fee Applications for a date and time convenient for the Court within 28 days after the Final Fee Application Deadline. Similar relief has been granted in this District. *See, e.g., In re Nova Wildcat Shur-Line Holdings, Inc.*, Case No. 23-10114 (CTG) [Docket No. 522] (establishing deadline for filing and setting hearing on final fee applications); *In re Samuels Jewelers, Inc.,* Case No. 18-11818 (KJC), (Bankr. D. Del., Apr. 5, 2019) [D.I. 792] (establishing deadline for filing and setting hearing on final fee applications, and ordering all approved chapter 11 fee amounts be paid from the debtor's chapter 7 estate if each professional's and a carve-out reserve account, and thereafter from debtor's chapter 7 estate).

## NOTICE

21.     The Debtors will provide copies of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 20 largest unsecured claims against the Debtors on a consolidated basis; (c) counsel to Firstrust Bank; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002, via email and otherwise via overnight mail. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

12010619.2

**CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, granting the

relief requested herein and such other and further relief as is just and proper.

**RAINES FELDMAN LITTRELL LLP**

Dated: July 14, 2026

*/s/ Thomas J. Francella, Jr.*
Thomas J. Francella, Jr. (No. 3835)
Mark W. Eckard (No. 4542)
824 North Market Street, Suite 805
Wilmington, DE 19801
(302) 772-5803
tfrancella@raineslaw.com
meckard@raineslaw.com

*Proposed Counsel to the Debtors and Debtors
in Possession*

9

12010619.2