## EXHIBIT A

**Proposed Order**

12010619.2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GVO PARTNERS LLC, *et al.*,[1] | ) | Case No. 26-10976-KBO |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **RE: D.I.** |

**ORDER CONVERTING DEBTORS' CHAPTER 11 CASES TO CASES UNDER CHAPTER 7**
**OF THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**") of the above-captioned debtors and debtors in possession for the entry of an order (i) converting these Cases to cases under chapter 7 of the Bankruptcy Code; (ii) establishing procedures governing conversion, including with respect to the allowance and payment of compensation to professionals retained in these Cases; and (iii) granting related relief; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the Standing Order; and this Court having found that venue of these Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having found and determined that the relief requested in the Motion and provided

---

[1] The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: GVO Partners LLC (5862); GVO Holdings Group LLC (8330), GVO Topco LLC (5638); GVO Urban, LLC (8860); GVO Still Waters, LLC (5823); GVO Sweetgrass, LLC (7775); and Urban Medspa & Weight Loss Center Charlotte, P.C. (7185). The Debtors' mailing address is 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.

12010619.2

for herein is in the best interest of the Debtors, their estates, their creditors, and all other parties-in-interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is GRANTED as set forth herein.

2.     Effective upon entry of this Order, each of the Debtors' Chapter 11 Cases shall be converted to a case under chapter 7 of the Bankruptcy Code pursuant to section 1112(a) and (b) of the Bankruptcy Code.

3.     The following Conversion Procedures are hereby approved:

(a)     **Professional Fees**.  Each professional whose retention in these Cases has been approved by the Court under section 327, 328, or 1103 of the Bankruptcy Code shall submit a final fee application (the "**Final Fee Applications**") in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of the Court on or before the later of (i) 21 days after the Conversion Date or (ii) ten (10) days after entry of an order approving such professional's retention (the "**Final Fee Application Deadline**").  A hearing on such Final Fee Applications will be held, at the Court's convenience, on or before the date that is 28 days after the Final Fee Application Deadline (the "**Final Fee Hearing**"). Approved amounts for professional fees and expenses shall be paid from the Debtors' chapter 7 estates. For the avoidance of doubt, the Final Fee Applications will cover the period from the Petition Date through the Conversion Date and no interim fee applications will be required.

(b)     **Discharge of Professionals.** On the Conversion Date, all professionals retained by the Debtors shall be discharged, with no further action required by the Debtors; provided, however, Raines Feldman Littrell LLP shall be authorized but not directed to assist the Debtors in effectuating a conversion of these Cases to cases under chapter 7.

(c)     **Books and Records.** As soon as reasonably practicable, but in no event more than 14 days after the assumption of duties by the chapter 7 trustee, the Debtors shall turn over to the chapter 7 trustee the books and records of the Debtors and in the Debtors' possession, custody, and control, as required by Bankruptcy Rule 1019(4). For purposes hereof, the Debtors may provide copies (including electronic copies) of such books and records to the chapter 7 trustee, or instructions for locating and accessing such books and records, and may retain copies of such books and records to the extent necessary to complete the reports required herein.

12010619.2

(d) **Lists and Schedules.** To the extent not already filed with the Court, within 14 days after the Conversion Date, the Debtors shall file the statements and schedules required by Bankruptcy Rules 1019(1)(A) and 1007(b).

(e) **Schedule of Unpaid Debts.** Within 14 days after the Conversion Date, the Debtors shall file a schedule of unpaid debts incurred after commencement of these Cases, including the name and address of each creditor, as required by Bankruptcy Rule 1019(5).

(f) **Final Report.** Within 30 days after the Conversion Date, the Debtors shall file and transmit to the chapter 7 trustee a final report and account in accordance with Bankruptcy Rule 1019(5)(A).

4. Nothing in this Order or the conversion of these Cases to cases under chapter 7 of the Bankruptcy Code shall affect or modify the terms of any order of this Court (or documents related thereto) entered during these Cases.

5. Effective upon the date of this Order, pending the qualification of a permanent trustee under section 702 of the Bankruptcy Code, all contested matters in these Cases are stayed unless otherwise ordered by this Court.

6. A representative of the Debtors and, if requested by the chapter 7 trustee, counsel to the Debtors in these Cases, shall appear at the first meeting of creditors after conversion of the these Cases to cases under chapter 7 of the Bankruptcy Code pursuant to sections 341(a) and 343 of the Bankruptcy Code, and such representative shall be available to testify at such meeting.

7. The Debtors are hereby authorized and empowered to take all reasonable actions necessary to implement the terms and requirements established in this Order in accordance with the Motion.

12010619.2

8.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

12010619.2