**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>GVO PARTNERS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 26-10976 (KBO)<br>(Jointly Administered)<br><br>**Related to Docket No. 83 & 104** |

**ORDER GRANTING FIRST OMNIBUS MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER AUTHORIZING THE REJECTION OF UNEXPIRED LEASES AND ABANDONMENT OF PERSONAL PROPERTY, EFFECTIVE AS OF THE REJECTION DATE**

Upon consideration of the motion (the "**Motion**")[2] of George L. Miller, the duly appointed chapter 7 trustee (the "**Trustee**") for the estates of the above-captioned debtors (the "**Debtors**" or "**Estates**") the above-captioned debtors (the "**Debtors**") for the entry of an order (this "**Order**") pursuant to Bankruptcy Code section 365(a), authorizing the Trustee to (i) reject certain unexpired leases listed on **Exhibit 1** attached hereto (together, the "**Leases**"), effective as of July 31, 2026 (the "**Rejection Date**"), and (ii) abandon, effective as of the Rejection Date, any Personal Property that remains, as of the Rejection Date, on any of the Premises subject to the Rejected Leases; and the Court having jurisdiction to consider the Motion and the relief requested therein; and due and sufficient notice of the Motion having been given; and it appearing that the relief requested by the Motion is in the best interest of the Trustee, the Estates, creditors and other parties in interest; and the Court having reviewed the Motion and considered the arguments made at the hearing, if any;

---

1 The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: GVO Partners LLC (5862); GVO Holdings Group LLC (8330); GVO Topco LLC (5638); GVO Urban, LLC (8860); GVO Still Waters, LLC (5823); GVO Sweetgrass, LLC (7775); and Urban Medspa & Weight Loss Center Charlotte, P.C. (7185). The Debtors' mailing address is 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.

2 Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion.

and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

1. The Motion is **GRANTED** as set forth herein.

2. The Leases set forth on **Exhibit 1** attached hereto are hereby rejected, effective as of the Rejection Date.

3. Any Personal Property remaining, as of the Rejection Date, on any of the Premises is hereby abandoned by the Trustee and Estates, with such abandonment effective as of the Rejection Date, provided however, that with respect to the Debtors' lease with Chatta Corners Acquisition LLC (the "**Charlotte Landlord**"), for premises located at 8535 Cliff Cameron Drive, Charlotte, NC (the "**Charlotte Premises**"), the Trustee and the Estates are specifically not abandoning any and all drugs, medicines and/or related supplies that are typically used in pharmacies, which are located at the Charlotte Premises (collectively, the "**Charlotte Materials**"), and the Trustee shall continue to work with the Charlotte Landlord so that all of the Charlotte Materials that are located at the Charlotte Premises are properly disposed of by the Estates and at the Estates' cost, as expeditiously as is possible, pursuant to all applicable laws, rules and/or regulations. Further, for the avoidance of doubt, the Trustee shall not abandon Personal Property containing any personally identifiable information (which means information which alone or in conjunction with other information identifies an individual, including but not limited to an individual's first name (or initial) and last name, physical address, electronic address, telephone number, social security number, date of birth, government-issued identification number, account number and credit or debit card number). Counterparties to the Leases may dispose of any and all abandoned Personal Property remaining on the Premises[3] without further notice or liability to any

[3] Except with regard to the Charlotte Materials, which will be disposed of by the Trustee.

consenting third party, and such abandonment shall be without prejudice to any counterparty's right to assert any claim based on such abandonment and without prejudice to the Trustee or any other party in interest to object thereto.

4. This Order is not a determination of whether any of the Leases are executory contracts or unexpired leases.

5. To the extent that a counterparty to a Lease chooses to file a proof of claim relating to rejection damages, such proof of claim must be filed on or before the *later* of (i) thirty (30) calendar days after entry of this Order and (ii) the general deadline to file claims in these chapter 7 cases.

6. The automatic stay imposed under 11 U.S.C. § 362 is modified to the extent necessary to permit landlord 404 Coleman, LLC ("**404 Coleman**") to exercise any and all rights it may have in the premises (the "**404 Coleman Premises**") subject to its rejected lease (the "**404 Coleman Lease**"), including the right to terminate its 404 Coleman Lease, dispose of any and all abandoned Personal Property on its premises, and setoff or retain any security deposit in connection with its 404 Coleman Lease, and such modification of the automatic stay shall be effective immediately, waiving the fourteen-day stay provision of Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure. In exchange, 404 Coleman releases and waives any and all administrative claims against the Estates, but retains the right to file an unsecured claim or claims regarding prepetition arrearages and/or rejection damages. The Trustee reserves all rights to object and challenge any such claims. For the avoidance of doubt, this Order only pertains to the Debtors' interests in the 404 Coleman Lease and any applicable personal property therein. Nothing herein affects the rights and obligations of Craig Blum, P.C. under the 404 Coleman Lease and any amendments thereto.

7. Notwithstanding anything to the contrary contained in this Order, the lease agreement dated March 29, 2024, between Aanestad Properties, LLC ("**Aanestad**") and GVO Still Waters, LLC (the "**Aanestad Lease**"), with respect to the premises located at 20 N. Tarragona Street, Pensacola, FL 32502 (the "**Aanestad Premises**"), shall be deemed rejected effective as of August 2, 2026. The foregoing effective date shall not constitute or be deemed a finding that possession or control of the Aanestad Premises was surrendered or delivered to Aanestad as of that date. Nothing in this Order shall determine the date of surrender or turnover of the Premises, or the allowance, priority, amount, or character of any claim arising from the Aanestad Lease, the continued possession or use of the Aanestad Premises, or Personal Property remaining thereon, and all rights, claims, defenses, and objections of Aanestad and the Trustee with respect thereto are expressly reserved. For the avoidance of doubt, with respect to the Aanestad Premises, references in this Order to the Rejection Date in connection with abandonment of Personal Property shall mean August 2, 2026.

8. To the extent Personal Property located at the Aanestad Premises or the 404 Coleman Premises is not abandoned pursuant to this Order because it contains personally identifiable information, nothing in this Order shall be deemed to transfer custody or responsibility for such property to Aanestad or 404 Coleman, respectively, and the Trustee shall reasonably cooperate with Aanestad or 404 Coleman, as applicable, concerning the prompt removal, transfer, or other lawful disposition.

9. The Trustee's rights with respect to any existing defaults of the counterparties to the Leases, and all defenses and counterclaims to any rejection damages claims, are hereby preserved.

10. This Court retains jurisdiction over any and all matters arising from the

interpretation or implementation of this Order.

**Dated: August 14th, 2026**
**Wilmington, Delaware**

Ka B. Ow.

**KAREN B. OWENS**
**CHIEF JUDGE**