**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>GVO PARTNERS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 26-10976 (KBO)<br><br>**Hearing Date: TBD**<br>**Objection Deadline: September 14, 2026 at 4:00 p.m. (ET)** |

# SUMMARY OF FIRST AND FINAL APPLICATION OF FORCE TEN ADVISORS, LLC AS FINANCIAL ADVISOR FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FROM JUNE 16, 2026, THROUGH AND INCLUDING JULY 21, 2026

| **SUMMARY COVER SHEET** | |
|---|---|
| Name of Applicant: | Force Ten Advisors, LLC |
| Authorized to Provide Professional Services to: | GVO Partners LLC, *et al*. |
| Petition Date: | June 16, 2026 |
| Date of Retention: | Effective June 16, 2026 by order signed August 14, 2026 [D.I. 106] |
| Date of Conversion: | July 21, 2026 [D.I. 75] |
| Period for Which Final Compensation and Reimbursement is Sought: | June 16, 2026, through and including July 21, 2026 |
| Total Amount of Final Compensation Sought: | $**39,302.75** |
| Total Amount of Final Expenses Sought: | $0 |
| **Total Amount of Fees and Expenses:** | **$39,302.75** |

This is a: ☐ Monthly ☐ Interim ☒ Final Application

[1] The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: GVO Partners LLC (5862); GVO Holdings Group LLC (8330), GVO Topco LLC (5638); GVO Urban, LLC (8860); GVO Still Waters, LLC (5823); GVO Sweetgrass, LLC (7775); and Urban Medspa & Weight Loss Center Charlotte, P.C. (7185). The Debtors' mailing address is 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.

**FORCE TEN ADVISORS, LLC PROFESSIONALS**
**JUNE 16, 2026 THROUGH AND INCLUDING JULY 21, 2026**

| Name of Professional | Title | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Nicholas Rubin | Partner | $925.00 | 31.1 | $28,767.50 |
| Nicholas Rubin | Partner | $462.50 | 4.1 | $1,896.25 |
| Renee Albarano | Managing Director | $795.00 | 8.1 | $6,439.50 |
| Nicholas Rafatjoo | Associate | $415.00 | 5.3 | $2,199.50 |
| **Total Hours: 48.6** | **Total Fees:** | **$39,302.75** | | |
| **Blended Rate: $808.70** | | | | |

*In accordance with Del. Bankr. L.R. 2016-1(d)(ix), Force Ten reduces its request for compensation of non-working travel by 50% of the normal rate.

**FINAL FEE PERIOD COMPENSATION BY CATEGORY**
**JUNE 16, 2026 THROUGH AND INCLUDING JULY 21, 2026**

| Category | Total Hours | Total Fees |
|---|---:|---:|
| Case Administration | 13 | $12,025.00 |
| Consulting | 12.6 | $11,408.00 |
| Report Preparation | 1 | $795.00 |
| Travel Time | 4.1 | $1,896.25 |
| Fee & Employment Applications | 4.3 | $3,059.50 |
| Attend Hearing/Trial | 2.4 | $1,908.00 |
| Business Operations | 6.6 | $5,884.00 |
| Cash Collateral/Cash Flow Forecasting | 4.6 | $2,327.00 |
| **TOTAL:** | **48.6** | **$39,302.75** |

*In accordance with Del. Bankr. L.R. 2016-1(d)(ix), Force Ten reduces its request for compensation of non-working travel by 50% of the normal rate.

**FINAL FEE PERIOD EXPENSE SUMMARY BY CATEGORY**
**JUNE 16, 2026 THROUGH AND INCLUDING JULY 21, 2026**

| Expense Category | Total Expenses |
|---|---:|
| N/A | |
| **TOTAL EXPENSES:** | **$0.00** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>GVO PARTNERS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 26-10976 (KBO)<br><br>**Hearing Date: TBD**<br>**Objection Deadline: September 14, 2026 at 4:00 p.m. (ET)** |

**FIRST AND FINAL APPLICATION OF FORCE TEN ADVISORS, LLC AS FINANCIAL ADVISOR FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JUNE 16, 2026, THROUGH JULY 21, 2026**

Force Ten Advisors, LLC ("**Force Ten**"), financial advisor to the debtors and debtors in possession (the "**Debtors**"), hereby applies (the "**Application**"), pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for final allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred for the period from June 16, 2026 through and including July 21, 2026 (the "**Fee Period**").

This Application is based upon the contents hereof, together with the exhibits, the pleadings, papers and records on file in these cases (these "**Cases**"), and any evidence or argument that the Court may entertain at the time of the hearing on the Application.

[1] The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: GVO Partners LLC (5862); GVO Holdings Group LLC (8330), GVO Topco LLC (5638); GVO Urban, LLC (8860); GVO Still Waters, LLC (5823); GVO Sweetgrass, LLC (7775); and Urban Medspa & Weight Loss Center Charlotte, P.C. (7185). The Debtors' mailing address is 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Cases and the Application in this District is proper under 28 U.S.C. §§ 1408 and 1400.

2. The legal predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

## II. BACKGROUND

### A. The Chapter 11 Cases

3. On June 16, 2026 (the "**Petition Date**"), each of the Debtors filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. While the Cases were pending in Chapter 11, no request for the appointment of a trustee or examiner was made, and no official committee has been appointed or designated. The Cases were converted to cases under Chapter 7 pursuant to the Court's *Order Converting Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code and Granting Related Relief* [D.I. 75] (the "**Conversion Order**").

4. As set forth in the *Declaration of Joseph Sciamanna in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 15] (the "**First Day Declaration**"), the Debtors' business involves managing services and operating a group of medical aesthetics practices. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of these Cases is set forth in the First Day Declaration.

**B. The Debtors' Retention of Force Ten**

5. On July 14, 2026, the Debtors applied [D.I. 57] to the Court for an order authorizing the Debtors to retain and employ Force Ten as its financial advisor, effective as of the Petition Date (the "**Retention Application**"). On August 14, 2026, the Court entered an order [D.I. 106] (the "**Retention Order**") authorizing the retention of Force Ten.

**C. Retainer**

6. Prior to the Petition Date, the Debtors made periodic retainer payments to Force Ten in the total sum of $225,000.00 to Force Ten for prepetition services and in connection with these Cases (the "**Retainer**"). Prior to the Petition Date, Force Ten incurred $164,580.36 in professional fees and expenses, leaving a Retainer balance of $60,419.64 as of the Petition Date. The Retention Order provides that Force Ten shall "apply the balance of its retainer to fees as they are approved by the Court. . . ." (*See* Retention Order at ¶ 8.).

**D. The Conversion**

7. The Debtors commenced these Cases in order to continue their business and complete a sale process. On July 1, 2026, the Court entered an order [D.I. 48] authorizing the Debtors to use cash collateral for a period of ten (10) days from and after the date of entry of the order, July 10, 2026.

8. As of July 11, 2026, the Debtors no longer had access to cash with which to continue their business or pay remaining personnel nor to pursue a sale or propose and confirm a Chapter 11 plan. The Debtors had no feasible alternative but to convert their Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code. As such, the Debtors sought, and the Court entered, the Conversion Order.

## III. RELIEF REQUESTED

9. By this Application, Force Ten seeks approval and allowance of compensation in the amount of $39,302.75 for professional services rendered, and reimbursement of actual and necessary expenses in the amount of $0 incurred during the Fee Period. In addition, Force Ten requests authority to apply the Retainer balance to the Court-allowed fees and costs.

10. Force Ten professionals expended a total of 48.6 hours during the Fee Period for which compensation is requested.

11. Force Ten did not receive any payments of promises of payment from any source other than the Debtors for services rendered in connection with the matters covered by this Application. There is no agreement or understanding between Force Ten and any other persons, other than partners of the firm, for sharing of compensation to be received for services rendered in these Cases.

12. The fees charged by Force Ten in these Cases are billed in accordance with its existing billing rates and procedures in effect during the Fee Period. Such fees are reasonable based on the customary compensation charged by comparably skilled professionals in comparable nonbankruptcy cases in a competitive national legal market.

13. Pursuant to Local Rule 2016-1(d) and in accordance with Local Form 102, prefixed hereto is (a) a schedule setting forth all Force Ten professionals who have performed services in these Cases during the Fee Period, the capacities in which each individual is employed by Force Ten, the hourly billing rate charged by Force Ten for the services performed by such individual, the aggregate number of hours expended in these Cases during the Fee Period and fees billed therefor and the position each professional holds in the firm; (b) a summary of services by billing category for services rendered by Force Ten during the Fee Period; and (c) a schedule setting forth the actual and necessary disbursements that Force Ten incurred during the Fee Period in

connection with the performance of professional services for the Debtors and for which it seeks reimbursement.

14. Force Ten's itemized time records for professionals performing services for the Debtors during the Fee Period are attached hereto as **Exhibit A**. All itemized expenses comply with the requirements set forth in Local Rule 2016-1.

15. This Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## IV. SERVICES RENDERED

16. In accordance with the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses* (the "**UST Guidelines**") and the Local Rules, Force Ten classified all services performed for which compensation is sought into categories. Force Ten attempted to place the services performed in the category that best relates to the service provided; however, because certain services affected multiple categories, services pertaining to one category may occasionally be included in another category. The fact that similar services appear in several different categories did not result in any duplication of work or billing.

17. Force Ten has established the following billing categories in this Case to date:

Case Administration
Consulting
Report Preparation
Travel Time
Fee & Employment Applications
Attend Hearing/Trial
Business Operations
Cash Collateral/Cash Flow Forecasting

18. The Firm maintains computerized records of the daily time entries completed by all the Firm's professionals. **Exhibit A** includes the Firm's invoices for the Fee Period, which includes detailed breakdowns of the time entries and expenses incurred.

**A. Case Administration**

19. This category primarily includes work related to administering the Cases in an efficient manner and ensuring the Debtors complied with their obligations under the Bankruptcy Code. During the Fee Period, the Firm, among other things: (i) assisted in preparing drafts of the Debtors' schedules and statement of financial affairs; (ii) assisted in preparing the Debtors' motion for use of cash collateral, among other motions and requests for relief, and prepared for and attended the hearing; (iii) participated in various telephone conferences with the Debtors' CFO/Manager regarding the status of these Cases and the next steps; (iv) reviewed and analyzed documents and responses from Sciamanna to respond to requests by the UST and prepared responses to questions from the UST; (v) prepared for and attended the initial debtor interview; (vi) participated in numerous telephone conferences and virtual meetings with various parties regarding the Debtors and these Cases.

**Total Hours: 13 / Total Fees: $12,025.00**

**B. Travel Time**

20. This category includes non-working travel time.

**Total Hours: 4.1 / Total Fees: $1,896.25**

**C. Consulting**

21. This category includes time consulting on various issues related to the Debtors and their operations, these Cases, and issues related to the conversion of these Cases.

**Total Hours: 12.6 / Total Fees: $11,408.00**

**D. Report Preparation**

22. This category includes work related to preparing reports and complying with the Debtors' reporting obligations.

**Total Hours: .1 / Total Fees: $795.00**

**E. Fee & Employment Applications**

23. This category includes work related to the retention of Force Ten as financial advisor to the Debtors, including preparing and/or reviewing the retention application and other matters related to Force Ten's retention.

**Total Hours: 4.3 / Total Fees: $3,059.50**

**F. Attend Hearing/Trial**

24. This category includes work related to preparation and attendance at the Debtors' hearings during the Cases.

**Total Hours: 2.4 / Total Fees: $1,908.50**

**G. Business Operations**

25. This category includes work related to the Debtors' business operations and related matters.

**Total Hours: 6.6 / Total Fees: $5,884.00**

**H. Cash Collateral/Cash Flow Forecasting**

26. This category includes work related to the Debtors' use of cash collateral and cash flowing forecasting.

**Total Hours: 4.6 / Total Fees: $2,327.00**

## V. CONCLUSION

27. The fees and expenses requested herein by Force Ten are billed in accordance with its existing billing rates and procedures in effect during the Fee Period. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

28. No agreement or understanding exists between Force Ten or any third person for the sharing of compensation, except as allowed by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation between and among partners of Force Ten.

29. All of the services for which compensation is requested hereunder were rendered at the request of and solely on behalf of the Debtors and not on behalf of any other entity.

## VI. NO PRIOR REQUEST

30. No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, Force Ten respectfully requests that the Court enter an order (a) granting the Application and authorizing, on a final basis, compensation in the amount of $39,302.75 for professional services rendered, and reimbursement of actual, reasonable, and necessary expenses in the amount of $0 incurred, during the Fee Period; (b) authorizing Force Ten to apply the Retainer funds it holds toward payment of its allowed fees and expenses and return any excess funds to the Chapter 7 trustee; (c) directing payment of all such allowed compensation and expenses, to the extent not already paid; and (d) granting such other and further relief as the Court deems just and proper.

Dated: August 24, 2026

**FORCE TEN ADVISORS, LLC**

*/s/ Nicholas Rubin*
Nicholas Rubin

*Former Financial Advisor to the Chapter 11 Debtors and Debtors-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>GVO PARTNERS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 26-10976 (KBO) |

**CERTIFICATION OF NICHOLAS RUBIN**

I, Nicholas Rubin, under penalty of perjury, certifies as follows:

I am an authorized person and partner of Force Ten Advisors, LLC. I make this certification in accordance with Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") regarding the contents of applications for compensation and expenses.

I have read the *First and Final Application of Force Ten Advisors, LLC as Financial Advisor for the Debtors and Debtors in Possession for Allowance of Compensation for Services Rendered and Reimbursement of Expenses from June 16, 2026, through and including July 21, 2026* (the "**Application**") and am familiar with the work performed on behalf of the Debtors by the professionals of Force Ten.

The facts set forth in the Application are true and correct to my knowledge, information and belief. I have reviewed Local Rule 2016-1 and submit that the Application substantially complies with such Local Rule.

Dated: August 24, 2026

*<u>/s/ Nicholas Rubin</u>*
Nicholas Rubin

[1] The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: GVO Partners LLC (5862); GVO Holdings Group LLC (8330), GVO Topco LLC (5638); GVO Urban, LLC (8860); GVO Still Waters, LLC (5823); GVO Sweetgrass, LLC (7775); and Urban Medspa & Weight Loss Center Charlotte, P.C. (7185). The Debtors' mailing address is 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.