**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>GVO PARTNERS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 26-10976 (KBO)<br><br>**Hearing Date: TBD**<br>**Objection Deadline: September 14, 2026 at 4:00 p.m. (ET)** |

# SUMMARY OF FIRST AND FINAL APPLICATION OF RAINES FELDMAN LITTRELL LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FROM JUNE 16, 2026, THROUGH AND INCLUDING JULY 21, 2026

| **SUMMARY COVER SHEET** | |
|---|---|
| Name of Applicant: | Raines Feldman Littrell LLP |
| Authorized to Provide Professional Services to: | GVO Partners LLC, *et al*. |
| Petition Date: | June 16, 2026 |
| Date of Retention: | Effective June 16, 2026 by order signed August 14, 2026 [D.I. 105] |
| Date of Conversion: | July 21, 2026 [D.I. 75] |
| Period for Which Final Compensation and Reimbursement is Sought: | June 16, 2026, through and including July 21, 2026 |
| Total Amount of Final Compensation Sought: | $177,324.00 |
| Total Amount of Final Expenses Sought: | $6,539.72 |
| **Total Amount of Fees and Expenses:** | **$183,863.72** |

This is a: ☐ Monthly ☐ Interim ☒ Final Application

[1] The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: GVO Partners LLC (5862); GVO Holdings Group LLC (8330), GVO Topco LLC (5638); GVO Urban, LLC (8860); GVO Still Waters, LLC (5823); GVO Sweetgrass, LLC (7775); and Urban Medspa & Weight Loss Center Charlotte, P.C. (7185). The Debtors' mailing address is 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.

**RAINES FELDMAN LITTRELL LLP PROFESSIONALS**
**JUNE 16, 2026 THROUGH AND INCLUDING JULY 21, 2026**

| Name of Professional | Title | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Thomas J. Francella | Partner | $1,095.00 | 56.7 | $62,086.50 |
| Mark W. Eckard | Partner | $840.00 | 53.4 | $44,856.00 |
| David Forsh | Partner | $950.00 | 33.7 | $32,015.00 |
| Scott M. Hare | Partner | $1,100.00 | 10 | $11,000.00 |
| Sandi Shinder | Paralegal | $480.00 | 46.3 | $22,224.00 |
| Kristie Callahan | Paralegal | $425.00 | 12.1 | $5,142.50 |
| **Total Hours: 212.2** | **Total Fees:** | **$177,324.00** | | |
| **Blended Rate: $835.65** | | | | |

*In accordance with Del. Bankr. L.R. 2016-1(d)(ix), RFL reduces its request for compensation of non-working travel by 50% of the normal rate to the extent travel is incurred.

**FINAL FEE PERIOD COMPENSATION BY CATEGORY**
**JUNE 16, 2026 THROUGH AND INCLUDING JULY 21, 2026**

| Category | Total Hours | Total Fees |
|---|---:|---:|
| Case Administration (B110) | 54.3 | $35,266.00 |
| Asset Analysis and Recovery (B120) | 3.2 | $3,504.00 |
| Asset Disposition (B130) | .3 | $328.50 |
| Meetings and Communications with Creditors (B150) | .8 | $507.00 |
| Employment Applications / Objections (B170) | 8.2 | $4,078.50 |
| Other Contested Matters / Omnibus Hearings (B190) | 60.1 | $51,961.50 |
| Non-Working Travel (B195) | 5.5 | $6,022.50 |
| Adversary Actions (B200) | 7.2 | $7,884.00 |
| State Court Matters (B205) | 1.8 | $1,404.00 |
| Business Operations (B210) | 14.4 | $11,709.00 |
| Employee Benefits (B220) | 2.4 | $1,669.00 |
| Financing / Cash Collateral (B230) | 41 | $40,477.00 |
| Financial Filings (B235) | 3.7 | $2,329.50 |
| (B410) | 9.3 | $10,183.50.00 |
| **TOTAL:** | **212.2** | **$177,324.00** |

*In accordance with Del. Bankr. L.R. 2016-1(d)(ix), RFL reduces its request for compensation of non-working travel by 50% of the normal rate.

**FINAL FEE PERIOD EXPENSE SUMMARY BY CATEGORY**
**JUNE 16, 2026 THROUGH AND INCLUDING JULY 21, 2026**

| Expense Category | Total Expenses |
|---|---:|
| Travel and related services | $660.47 |
| File & ServeXpress/Filing Fees | $180.40 |
| Federal Express | $344.82 |
| UCC search | $1,332.66 |
| Outside Copy Service (Parcels, Inc.) | $4,021.37 |
| **TOTAL EXPENSES:** | **$6,539.72** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>GVO PARTNERS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 26-10976 (KBO)<br><br>**Hearing Date: TBD**<br>**Objection Deadline: September 14, 2026 at 4:00 p.m. (ET)** |

**FIRST AND FINAL APPLICATION OF RAINES FELDMAN LITTRELL LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JUNE 16, 2026, THROUGH JULY 21, 2026**

Raines Feldman Littrell LLP ("**RFL**" and/or the "**Firm**"), counsel to the debtors and debtors in possession (the "**Debtors**"), hereby applies (the "**Application**"), pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for final allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred for the period from Jun 16, 2026 through and including July 21, 2026 (the "**Fee Period**").

This Application is based upon the contents hereof, together with the exhibits, the pleadings, papers and records on file in these cases (the "**Cases**"), and any evidence or argument that the Court may entertain at the time of the hearing on the Application.

[1] The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: GVO Partners LLC (5862); GVO Holdings Group LLC (8330), GVO Topco LLC (5638); GVO Urban, LLC (8860); GVO Still Waters, LLC (5823); GVO Sweetgrass, LLC (7775); and Urban Medspa & Weight Loss Center Charlotte, P.C. (7185). The Debtors' mailing address is 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Cases and the Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are Bankruptcy Code sections 330 and 331. Bankruptcy Rule 2016, and Local Rule 2016-1.

## II. BACKGROUND

### A. The Chapter 11 Cases

3. On June 16, 2026 (the "**Petition Date**"), each of the Debtors filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. While the Cases were pending in Chapter 11, no request for the appointment of a trustee or examiner was made, and no official committee has been appointed or designated. These Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) [D.I. 18]. The Cases were subsequently converted to Chapter 7.

4. As set forth in the Declaration of Joseph Sciamanna in Support of Chapter 11 Petitions and First Day Pleadings [D.I. 15] (the "**First Day Declaration**"), the Debtors' business involves managing services and operating a group of medical aesthetics practices. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of these Cases is set forth in the First Day Declaration.

### B. The Debtor's Retention of RFL

5. On July 14, 2026, the Debtors applied [D.I. 58] to the Court for an order authorizing the Debtors to retain and employ RFL as its counsel, effective as of the Petition Date (the

"**Retention Application**"). On August 14, 2026, the Court entered an order [D.I. 105] authorizing such retention (the "**Retention Order**").

**C. Retainer**

6. Prior to the Petition Date, the Debtors made periodic retainer payments to RFL in the total sum of $625,000.00 to RFL for prepetition legal services and in connection with these Cases (the "**Retainer**"). Prior to the Petition Date, the Debtors incurred $472,077.60 in professional fees and expenses, leaving a Retainer balance of $152,922.40 as of the Petition Date. The Retention Order provides that RFL shall "apply the balance of its retainer to fees as they are approved by the Court. . . ." (*See* Retention Order at ¶ 9.).

**D. The Conversion**

7. The Debtors commenced these Cases in order to continue their business and complete a sale process. On July 1, 2026, the Court entered an order [D.I. 48] authorizing the Debtors to use cash collateral for a period of ten (10) days from and after the date of entry of the order, July 10, 2026.

8. As of July 11, 2026 the Debtors no longer had access to cash with which to continue their business or pay remaining personnel nor to pursue a sale or propose and confirm a Chapter 11 plan. The Debtors had no feasible alternative but to convert their Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code.

## III. RELIEF REQUESTED

9. By this Application, RFL seeks approval and allowance of compensation in the amount of $177,324.00 for professional services rendered, and reimbursement of actual and necessary expenses in the amount of $6,539.72 incurred during the Fee Period. In addition, RFL requests authority to apply the Retainer balance to the Court-allowed fees and costs.

10. RFL attorneys and paralegals expended a total of 212.2 hours during the Fee Period for which compensation is requested.

11. RFL did not receive any payments of promises of payment from any source other than the Debtors for services rendered in connection with the matters covered by this Application. There is no agreement of understanding between RFL and any other persons, other than partners of the firm, for sharing of compensation to be received for services rendered in these Cases.

12. The fees charged by RFL in these Cases are billed in accordance with its existing billing rates and procedures in effect during the Fee Period. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

13. Pursuant to Local Rule 2016-1 and in accordance with Local Form 102, prefixed hereto are (a) a schedule setting forth all RFL professionals and paralegals who have performed services in these chapter 11 cases during the Compensation Period, the capacities in which each individual is employed by RLF, the hourly billing rate charged by RFL for the services performed by such individual, the aggregate number of hours expended in these Cases during the Fee Period and fees billed therefor and the position each professional holds in the firm; (b) a summary of services by billing category for services rendered by RFL during the Fee Period; and (c) a schedule setting forth the actual and necessary disbursements that RLF incurred during the Fee Period in connection with the performance of professional services for the Debtors and for which it seeks reimbursement.

14. RFL's itemized time records for professionals and paralegals performing services for the Debtors during the Fee Period are attached hereto as **Exhibit A**. All itemized expenses comply with the requirements set forth in Local Rule 2016-1.

15. This Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## IV. SERVICES RENDERED

16. In accordance with the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses* (the "**UST Guidelines**") and the Local Rules, RFL classified all services performed for which compensation is sought into categories. RFL attempted to place the services performed in the category that best relates to the service provided. However, because certain services affected multiple categories, services pertaining to one category may occasionally be included in another category. The fact that similar services appear in several different categories did not result in any duplication of work or billing.

17. RFL has established the following billing categories in these Cases to date:

- Case Administration (B110)
- Asset Analysis / Recovery (B120)
- Asset Disposition (B130)
- Relief Stay / Adequate Protection (B140)
- Meetings and Communications with Creditors (B150)
- Fee Applications / Objections (B160)
- Employment Applications / Objections (B170)
- Avoidance Actions (B180)
- Assumption / Rejection Leases (B185)
- Other Contested Matters / Omnibus Hearings (B190)
- Non-Working Travel (B195)
- Adversary Actions (B200)
- State Court Matters (B205)
- Business Operations (B210)
- Employee Benefits (B220)
- Financing / Cash Collateral (B230)
- Financial Filings (B235)
- Tax Issues (B240)
- Real Estate (B250)
- Claims Administration and Objections (B310)
- Plan and Disclosure Statement (B320)

18. The Firm maintains computerized records of the daily time entries completed by all of the Firm's attorneys and paralegals. **Exhibit A** includes the Firm's invoices for the Final Fee Period, which includes detailed breakdowns of the time entries and expenses incurred.

**A. Case Administration (B110)**

19. This category primarily includes work related to administering the Cases in an efficient manner and ensuring the Debtors complied with their obligations under the Bankruptcy Code. During the Fee Period, the Firm, among other things: (i) prepared drafts of the Debtors' schedules and statement of financial affairs; (ii) prepared and filed the Debtors' motion for use of any cash collateral, which essentially served as the Debtors' first-day motion, and prepared for and attended the hearing on that motion; (iii) participated in various telephone conferences with the Debtors CFO/Manager regarding the status of these Cases and the next steps; (iv) reviewed and analyzed documents and responses from Sciamanna to respond to requests by the UST and prepared responses to questions from the UST; (v) prepared for and attended the initial debtor interview; (vi) participated in numerous telephone conferences and virtual meetings with various parties regarding the Debtors and these Cases. In addition, the Firm prepared and filed the motion to convert cases to Chapter 7 and prepared for and attended the hearing on that motion.

**Total Hours: 54.3 / Total Fees: $35,266.00**

**B. Asset Analysis and Recovery (B120)**

20. This category includes work related to research of facts underlying any claims the Debtors may possess.

**Total Hours: 3.2 / Total Fees: $3,504.00**

**C. Asset Disposition (B130)**

21. This category includes a teleconference with a potential purchaser of the Debtors' assets.

**Total Hours: .3 / Total Fees: $328.50**

**D. Meetings and Communications with Creditors (B150)**

22. This category includes work related to the review, analysis and responses to various creditors regarding their claims and the Cases.

**Total Hours: .8 / Total Fees: $507.00**

**E. Employment Applications / Objections (B170)**

23. This category includes work related to the retention of the Firm and Force Ten. During the Fee Period, the Firm, among other things: (i) prepared and filed an application to employ Raines Feldman Littrell LLP as counsel for the Debtors; and (ii) prepared and filed an application to employ Force Ten Partners, LLC as Debtors' Financial Advisor.

**Total Hours: 8.2 / Total Fees: $4,078.50**

**F. Other Contested Matters/Omnibus Hearings (B190)**

24. This category includes work related to the First Day Hearing and preparation including (i) registering parties for participation; (ii) teleconferences with client, UST, counsel to Firstrust and Force Ten; (iii) correspondence with Chambers; (iv) and attendance at the hearing.

**Total Hours: 60.1 / Total Fees: $51,961.50**

**G. Non-Working Travel**

25. This category includes time attributed to travel to Delaware for preparation and appearance at Court scheduling hearing.

**Total Hours: 5.5 / Total Fees: $6,022.50**

**H. Adversary Actions (B200)**

26. This category primarily includes work related to the researching causes of action and potential filing of same.

**Total Hours: 7.2 / Total Fees: $7,884.00**

**I. State Court Actions (B205)**

27. This category includes services of the Firm related to pending state court actions involving the Debtors.

**Total Hours: 1.8 / Total Fees: 1,404.00**

**J. Business Operations (B210)**

28. This category includes work by the Firm related to the Debtors' business operations. During the Fee Period, the Firm, among other things: (i) participated in calls with Sciamanna regarding the Debtor's progress post-petition and other operational matters of the Debtors, such as, related to the Debtors' leased premises, the Debtors' receipt of revenues, the Debtors' business model, and alternative sources of revenue (ii) participated in various telephone conferences regarding the status of the Debtors' operations, and (iii) prepared certifications of counsel for multiple first day motions and revised proposed orders.

**Total Hours: 14.4 / Total Fees: $11,709.00**

**K. Employee Benefits (B220)**

29. This category includes work related to the Employee Wages motion, certification of counsel regarding same and communications with Firstrust about wages.

**Total Hours: 2.4 / Total Fees: $1,669.00**

**L. Financing / Cash Collateral (B230)**

30. This category includes work related to the Debtors' motion for the authority to use cash collateral for business operations. During the Fee Period, the Firm, among other things: (i) reviewed and revised the proposed cash collateral budgets; (ii) prepared and filed the Debtors' cash collateral motion; (iii) reviewed, analyzed, and addressed issues regarding the use of cash collateral; (iv) prepared for and attended the hearings on the Debtors' cash collateral motion; (v)

and (vi) reviewed and analyzed issues related to potential financing alternatives.

**Total Hours: 41 / Total Fees: $40,477.00**

**M. Financial Filings (B235)**

31. This category includes work related to certain of the financial filings required by the Debtors. During the Fee Period, the Firm, among other things, prepared and filed the (i) Debtors' Tax motion; (ii) a certification of counsel regarding use of cash collateral; (iii) preparing a motion to extend time to file schedules and statements of financial affairs; and (iv) attending the initial Debtors' interview.

**Total Hours: 3.7 / Total Fees: $2,329.50**

**N. General Bankruptcy Advice/Opinions (B410)**

32. This category includes work related to various business operations including, among other things: (i) meeting with the Force 10 regarding strategy; (ii) preparing a memorandum for financial advisor and potential chief restructuring officer; and (iii) participated in telephone conference with the client regarding financing and other open issues.

**Total Hours: 9.3 / Total Fees: $10,183.50**

**O. Actual, Reasonable, and Necessary Expenses Incurred**

33. RFL incurred out-of-pocket expenses in connection with its representation of the Debtors during the Fee Period in the amount of $6,539.72. A description of the expenses that RFL incurred in the performance of the services rendered as counsel to the Debtors in these Cases is included in the attached exhibit. The expenses are broken down into categories of charges, including among other things, the following charges: Travel and related, Federal Express, Filing Fees, and Outside Copy Services (Parcels, Inc.).

## V. CONCLUSION

34. The Fees and Expenses requested herein by RFL are billed in accordance with its existing billing rates and procedures in effect during the Fee Period. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

35. No agreement or understanding exists between RFL or any third person for the sharing of compensation, except as allowed by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation between and among partners of RFL.

36. All of the services for which compensation is requested hereunder were rendered at the request of and solely on behalf of the Debtors and not on behalf of any other entity. In accordance with the Guidelines, the Certification of Thomas J. Francella, Jr. is attached hereto and incorporated herein by reference.

## VI. NO PRIOR REQUEST

37. No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, RFL respectfully requests that the Court enter an order (a) granting the Application and authorizing, on a final basis, compensation in the amount of $177,324.00 for professional services rendered, and reimbursement of actual, reasonable, and necessary expenses in the amount of $6,539.72 incurred, during the Fee Period; (b) authorizing RFL to apply the Retainer funds it holds toward payment of its allowed fees and expenses; (c) directing payment of

all such allowed compensation and expenses, to the extent not already paid; and (d) granting such other and further relief as the Court deems just and proper.

Dated: August 24, 2026

**RAINES FELDMAN LITTRELL LLP**

*/s/ Thomas J. Francella, Jr.*
Thomas J. Francella, Jr. (No. 3835)
824 North Market Street, Suite 805
Wilmington, DE 19801
Telephone: (302) 772-5803
Email: tfrancella@raineslaw.com

*Former Counsel to the Chapter 11 Debtors*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>GVO PARTNERS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 26-10976 (KBO) |

**CERTIFICATION OF THOMAS J. FRANCELLA, JR.**

I, Thomas J. Francella, Jr., under penalty of perjury, certifies as follows:

I am a partner of the law firm of Raines Feldman Littrell LLP and am admitted to appear before this Court. I make this certification in accordance with Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") regarding the contents of applications for compensation and expenses.

I have read the *First and Final Application of Raines Feldman Littrell LLP as Counsel for the Debtors and Debtors in Possession for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period From June 16, 2026, Through and Including July 21, 2026* (the "**Application**") and am familiar with the work performed on behalf of the Debtors by the professionals of RFL.

The facts set forth in the Application are true and correct to my knowledge, information and belief. I have reviewed Local Rule 2016-1 and submit that the Application substantially complies with such Local Rule and the Compensation Procedures Order.

Dated: August 24, 2026

*/s/ Thomas J. Francella, Jr.*
Thomas J. Francella, Jr. (No. 3835)

[1] The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: GVO Partners LLC (5862); GVO Holdings Group LLC (8330), GVO Topco LLC (5638); GVO Urban, LLC (8860); GVO Still Waters, LLC (5823); GVO Sweetgrass, LLC (7775); and Urban Medspa & Weight Loss Center Charlotte, P.C. (7185). The Debtors' mailing address is 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.