**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| GVO PARTNERS LLC, *et al.*,[1] | Case No. 26-10976 (KBO) |
| Debtors. | (Jointly Administered) |

**REQUEST BY CHATTA CORNERS ACQUISITION, LLC FOR ALLOWANCE AND PAYMENT OF CHAPTER 11 AND CHAPTER 7 ADMINISTRATIVE EXPENSE CLAIMS**

Chatta Corners Acquisition, LLC ("Landlord"), by and through its undersigned counsel, hereby submits this request for allowance and payment of its chapter 11 and chapter 7 administrative expense claims pursuant to sections 365(d)(3), 503(b)(1)(A), 507(a)(1)(C) and 507(a)(2) of the Bankruptcy Code (defined below), and in support hereof, respectfully represents as follows:

## Background

1. On June 16, 2026 (the "Petition Date"), GVO Urban, LLC (the "Debtor"), and several of its affiliates (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code"). At the Debtors' request, on or about July 21, 2026 (the "Conversion Date"), the Court entered an order that converted the Debtors' cases to cases under chapter 7 of the Bankruptcy Code. Subsequently, George L. Miller was appointed as the chapter 7 trustee (the "Trustee") of the Debtors' estates.

[1] The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: GVO Partners LLC (5862); GVO Holdings Group LLC (8330); GVO Topco LLC (5638); GVO Urban, LLC (8860); GVO Still Waters, LLC (5823); GVO Sweetgrass, LLC (7775); and Urban Medspa & Weight Loss Center Charlotte, P.C. (7185). The Debtors' mailing address is 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.

2. Prior to the Petition Date, a predecessor of Landlord, as landlord, and a predecessor of Debtor, as tenant, entered into a Lease Agreement (the "Lease") for nonresidential real property located at 8535 Cliff Cameron Drive, Suite 116, Charlotte, North Carolina (the "Premises"). The Lease was rejected by the Trustee effective as of July 31, 2026 (the "Rejection Date") pursuant to the Order Granting First Omnibus Motion of the Chapter 7 Trustee for Entry of an Order Authorizing the Rejection of Unexpired Leases and Abandonment of Personal Property Effective as of the Rejection Date (Docket No. 107) (the "Rejection Order"), which was entered by the Court on August 14, 2026.

3. Prior to when the Rejection Order was entered, the Trustee and Landlord realized that the Debtors left certain medicines and/or related supplies that are typically used in pharmacies, at the Premises (collectively, the "Pharmacy Materials"). Accordingly, the Rejection Order provides that the Pharmacy Materials were not being abandoned to Landlord and that the Trustee shall continue to work with Landlord so that all of the Pharmacy Materials that are located at the Premises are properly disposed of by the Debtors' estates and at the Debtors' estates' cost, as expeditiously as is possible, pursuant to all applicable laws, rules and/or regulations.

**<u>Chapter 11 and Chapter 7 Administrative Expense Claims Request</u>**

4. Landlord is owed $11,756.19 under the Lease for charges due under the Lease from the Petition Date to the Conversion Date (the "Chapter 11 Administrative Claim"), as a chapter 11 administrative expense claim under sections 365(d)(3), 503(b)(1)(A) and section 507(a)(2) of the Bankruptcy Code. In addition, Landlord is owed $3,314.72 under the Lease for charges due under the lease from the Conversion Date to the Rejection Date, as a chapter 7

administrative expense claim, under sections 365(d)(3), 503(b)(1)(A) and section 507(a)(1)(C) of the Bankruptcy Code (the "Chapter 7 Administrative Claim").

5. Landlord submits that both the Chapter 11 Administrative Claim and the Chapter 7 Administrative Claim are obligations of the Debtors and the Trustee under section 365(d)(3) of the Bankruptcy Code. The Debtors and the Trustee are required to immediately satisfy their post-petition, pre-rejection date obligations under the Lease pursuant to section 365(d)(3) of the Bankruptcy Code.

6. Additionally, both the Chapter 11 Administrative Claim and the Chapter 7 Administrative Claim are entitled to allowance and payment as administrative expense claims under sections 503(b)(1)(A), 507(a)(1)(C), and 507(a)(2) of the Bankruptcy Code. Section 503(b) of the Bankruptcy Code provides in pertinent part that allowed administrative expense claims exist for "the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A). Section 507(a)(1)(C) of the Bankruptcy Code essentially provides that administrative expense claims that are incurred by a chapter 7 trustee have the highest priority of administrative expense claims. Finally, section 507(a)(2) of the Bankruptcy Code provides that administrative expense claims that are allowed under section 503(b) of the Bankruptcy Code have priority. 11 U.S.C. §507(a)(2). Both the Chapter 11 Administrative Claim and the Chapter 7 Administrative Claim are administrative expense claims pursuant to section 503(b)(1)(A) because they were incurred by the Debtors' estates and preserved those estates while the Debtors and the Trustee were determining whether the Debtors' assets could be sold. Further, the Chapter 7 Administrative Claim is entitled to the highest priority and must be paid first before any administrative expense claims incurred by the Debtors' estates before the Debtors' cases converted to chapter 7, pursuant to section 507(a)(1)(C) of the Bankruptcy Code.

7. Lastly, Landlord reserves the right to assert a further chapter 7 administrative expense claim in the event that the Trustee does not fulfill his obligations set forth in the Rejection Order to properly and expeditiously dispose of the Pharmacy Materials pursuant to all applicable laws, rules and/or regulations. The Rejection Order requires the Pharmacy Materials to be disposed of at the expense of the Debtors' estates, and to the extent that the Trustee does not fulfill his obligations set forth in the Rejection Order, Landlord expressly reserves the right to assert a further chapter 7 administrative expense claim in this case pursuant to section 503(b)(1)(A) and 507(a)(1)(C) of the Bankruptcy Code.

8. In sum, as of the date hereof, Landlord is entitled to the allowance and payment of the Chapter 11 Administrative Claim and the Chapter 7 Administrative Claim, plus if necessary, any costs Landlord might incur if the Pharmacy Materials are not disposed of properly or expeditiously by the Trustee, all as an administrative expense claim pursuant to sections 365(d)(3), 503(b)(1)(A), 507(a)(1)(C) and 507(a)(2) of the Bankruptcy Code.

WHEREFORE, for all of the foregoing reasons, Landlord respectfully requests that the Court enter an order that (a) allows Landlord's Chapter 11 Administrative Claim, (b) allows Landlord's Chapter 7 Administrative Claim, (c) directs the Trustee to pay the foregoing claims at the appropriate time when allowed chapter 11 and chapter 7 administrative expense claims are paid in these cases, and (d) grants Landlord such other and further relief as is just and proper.

Dated: August 25, 2026

**CONNOLLY GALLAGHER LLP**

*/s/ Karen C. Bifferato*
Karen C. Bifferato (#3279)
1201 N. Market Street, 20th Floor
Wilmington, DE 19801
Telephone: (302) 757-7300
Email: kbifferato@connollygallagher.com

*Attorneys for Chatta Corners Acquisition, LLC*

#2019268