**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 7 |
|---|---|
| GVO PARTNERS LLC, *et al.*,[1] | Case No. 26-10976 (KBO)<br>(Jointly Administered) |
| Debtors. | **Related to Docket No. ___** |

**ORDER GRANTING REQUEST BY CHATTA CORNERS ACQUISITION, LLC FOR ALLOWANCE AND PAYMENT OF CHAPTER 11 AND CHAPTER 7 <u>ADMINISTRATIVE EXPENSE CLAIMS</u>**

Upon consideration of the request by Chatta Corners Acquisition, LLC ("Landlord") for allowance and payment of its chapter 11 administrative expense claim and its chapter 7 administrative expense claim (the "Request"); and the Court having reviewed the Request and any objections thereto; and notice and service of the Request having been adequate and in sufficient; and after due deliberation thereon, the Court having determined that there is good and sufficient cause for the relief requested in the Request;

IT IS HEREBY ORDERED THAT;

1. The Request is granted.

2. Landlord is hereby granted an allowed chapter 11 administrative expense claim in the amount of $11,756.19 pursuant to sections 365(d)(3), 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code.

[1] The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: GVO Partners LLC (5862); GVO Holdings Group LLC (8330); GVO Topco LLC (5638); GVO Urban, LLC (8860); GVO Still Waters, LLC (5823); GVO Sweetgrass, LLC (7775); and Urban Medspa & Weight Loss Center Charlotte, P.C. (7185). The Debtors' mailing address is 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.

3. Landlord is hereby granted an allowed chapter 7 administrative expense claim in the amount of $3,314.72 pursuant to sections 365(d)(3), 503(b)(1)(A) and 507(a)(1)(C) of the Bankruptcy Code.

4. Trustee shall pay Landlord's allowed chapter 11 administrative expense claim and allowed chapter 7 administrative expense claim at the same time he pays other chapter 11 and chapter 7 administrative expense claims in these cases.

5. This Court shall retain jurisdiction to interpret and enforce this Order.

6. This Order is without prejudice to Landlord's right to assert a further chapter 7 administrative expense claim should the Trustee not meet his obligations set forth in the Rejection Order[2] regarding disposal of the Pharmacy Materials from the Premises.

#2019269

[2] All capitalized terms not defined herein shall have the meanings given to them in the Request.