**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>GVO PARTNERS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 26-10976 (KBO)<br>(Jointly Administered)<br><br>**Obj. Deadline: 9/25/2026 at 4:00 p.m. (ET)**<br>**Hearing Date: 10/23/2026 at 10:00 a.m. (ET)** |

**MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, FOR THE ENTRY OF AN ORDER AUTHORIZING DISPOSAL OF PATIENT RECORDS PURSUANT TO 11 U.S.C. §§ 351 AND 554, AND FED. R. BANK. P. 6011**

George L. Miller, Chapter 7 Trustee (the "**Trustee**") for the estates of the above-captioned debtors (the "**Debtors**" or "**Estates**"), hereby moves (the "**Motion**") the Court for entry of an order authorizing the Trustee to dispose of and/or abandon the Debtors' patient records pursuant to the procedures set forth in 11 U.S.C. § 351 and/or 554 respectively, and Fed. R. Bank. P. 6011 ("**Bankruptcy Rules**"). In support thereof, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief sought by this Motion is based upon sections 351 and 554 of title 11 of the United States Code (the "**Bankruptcy Code**") and Bankruptcy Rule 6011 and has been filed in

[1] The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: GVO Partners LLC (5862); GVO Holdings Group LLC (8330); GVO Topco LLC (5638); GVO Urban, LLC (8860); GVO Still Waters, LLC (5823); GVO Sweetgrass, LLC (7775); and Urban Medspa & Weight Loss Center Charlotte, P.C. (7185). The Debtors' mailing address is 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.

accordance with the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Court**").

## BACKGROUND

3. On June 16, 2026 (the "**Petition Date**"), each of the affiliated Debtors: GVO Partners LLC (Case No. 26-10976), GVO Holdings Group LLC (Case No. 26-10977), GVO Topco LLC (Case No. 26-10978), GVO Sweetgrass, LLC (Case No. 26-10979), GVO Still Waters, LLC (Case No. 26-10980), GVO Urban, LLC (Case No. 26-10981), and Urban Medspa & Weight Loss Center Charlotte, P.C. (Case No. 26-10982), filed a voluntary petition in the Court for relief under Chapter 11 of the Bankruptcy Code.

4. On July 21, 2026, this Court entered an order (the "**Conversion Order**") converting the Debtors' cases to cases under chapter 7 of the Bankruptcy Code. *See* D.I. 75.

5. On July 22, 2026, the Trustee was appointed as the interim chapter 7 trustee for the Debtors' cases. *See* D.I. 78.

6. Prior to conversion and upon information and belief, the Debtors operated several spa and medspa facilities.

7. Following conversion, the Trustee lacks authority or consent to utilize any purported collateral of Firstrust Bank ("**Firstrust**"), the Debtors' secured lender in administering these cases, including any of the Debtors' cash, thus the Debtors' operations have ceased. To that end, the Trustee has already filed motions and received permission to reject certain leases and contracts, with the expectation that more will follow. *See* D.I. 102, 107. The Trustee is also filing a motion contemporaneously herewith seeking permission to use the Debtors' cash in accordance with section 363 (the "**363 Motion**") for the limited purposes set forth herein and those set forth in the 363 Motion.

8. The Trustee is in possession of medical records of former patients of the Debtors (the "**Patient Records**"). The Patient Records are of no benefit to the Bankruptcy Estate, and the Trustee must dispose of them as the Estates do not have sufficient funds to pay for the storage of the Patient Records as required under applicable law.

9. Non-Debtor Craig Blum, P.C. ("**Blum P.C.**", also d/b/a Sweetgrass Plastic Surgery) possesses Debtor equipment (the "**Blum Equipment**") that may have Blum P.C. patient information on them. Upon information and belief, Dr. Craig Blum runs and operates Blum P.C. Blum P.C. owns the information on the Blum Equipment, and Firstrust has already advised it does not intend to take possession of said equipment, irrespective as to whether its liens attach to same. The lease for Blum P.C.'s real property was via Debtor GVO Sweetgrass LLC, and has since been rejected. *See* D.I. 107.

## RELIEF REQUESTED

10. By this Motion, the Trustee seeks authority from this Court to dispose of the Patient Records pursuant to the procedures set forth in Bankruptcy Code sections 351 and/or 554 and Bankruptcy Rule 6011.

## BASIS FOR RELIEF REQUESTED

### *A. Section 551 Procedures as to the Debtors*

11. Section 351 of the Bankruptcy Code specifically provides that "[i]f a health care business commences a case under Chapter 7, 9, or 11, and the trustee does not have a sufficient amount of funds to pay for the storage of patient records in the manner required under applicable Federal or State law," then subject to certain specified requirements the trustee may "destroy those records" by "shredding or burning the records" if they are written or by "otherwise destroying

those records so that those records cannot be retrieved" if they are "magnetic, optical, or other electronic records." 11 U.S.C. §§ 351, 351(3).

12. Section 351 provides that, before the trustee is authorized to destroy a debtor's patient records, he or she must first publish notice in one or more appropriate newspapers that if the patient's records are not claimed by the patient or an insurance provider within 365 days after the date of the notification, then the trustee will destroy the patient's records. *See* 11 U.S.C. § 351(1)(A). Section 351 further provides that during the first 180 days of the 365-day period following the published notices, the trustee must attempt to notify each patient and insurance carriers, where applicable, concerning the patient records by mailing to the most recent known address of: (1) the patient, or a family member or contact person for that patient and (2) the appropriate insurance carrier an appropriate notice regarding the claiming or disposing of the patient records. *See* 11 U.S.C. § 351(1)(B). Section 351 further provides that if the patient records are not claimed within 365 days of the date of the published notices, the trustee shall send by certified mail a written request to each appropriate federal agency to request permission to deposit the patient records with that agency. Only after the 365-day period following the published notices has elapsed and the patient records have not been claimed by a patient or insurance provider, and a request to deposit the patient records with the appropriate federal agency has not been granted, may the trustee destroy the patient records.

13. According to applicable law, the Trustee will essentially have to store the Patient Records for several years to comply with the law. *See, e.g.,* 24 Del. C. § 1761; Fla. Admin. Code Ann. r. 64B8-10.002; NC R MEDICO-LEGAL Appendix F; see also 45 C.F.R. § 164.530 (to the extent applicable, HIPAA has a six-year retention requirement for covered entities). The Bankruptcy Estates do not have sufficient funds for those storage costs. In addition, the Trustee

expects to complete the liquidation of the Debtors' assets as expeditiously as possible due to the Estates' lack of purportedly unencumbered funds. As such, the Trustee seeks to follow the more expeditious procedure under Bankruptcy Code section 351 for the disposal of the Patient Records.

14. Upon approval of this Motion and the 363 Motion, the Trustee will promptly publish a notice in a local newspaper in or near (i) Pensacola, Florida; and (ii) Charlotte, North Carolina (upon information and belief, the locations of the Debtors' former businesses) that will state the following:

> The bankruptcy trustee, George L. Miller (the "**Trustee**"), in the Chapter 7 bankruptcy case of GVO Partners LLC, GVO Holdings Group LLC, GVO Topco LLC, GVO Sweetgrass, LLC, GVO Still Waters, LLC, GVO Urban, LLC, and Urban Medspa & Weight Loss Center Charlotte, P.C. (the "**Debtors**") is currently in possession of the Debtors' patient records (the "**Patient Records**"). The Trustee intends to destroy the Patient Records and has been given authority to do so by the United States Bankruptcy Court for the District of Delaware. The Trustee's contact information is as follows: George L. Miller, 1628 John F. Kennedy Blvd, 8 Penn Center, Suite 950, Philadelphia, PA 19103; (215) 561-0950; gmiller@millercoffeytate.com. If you are a former patient of the Debtors, you may retrieve your Patient Records from the Trustee upon written request to the address or email above. If you do not retrieve the Patient Records by ________, 2027, then the Trustee will destroy the Patient Records and will have no obligation after that date to provide the Patient Records.

15. Once the notice is published, the Trustee will then address any requests for the Patient Records and continue to follow the procedures set out in Bankruptcy Code section 351, including notifying the patients at last known addresses within 180 days of the notice publication, and offering to provide the Patient Records to the appropriate federal agency after the 365-day notice period has run.

16. Upon completion of these requirements, the Trustee will be authorized to destroy the Patient Records and will have no further obligations with respect to the Patient Records.

***B. Section 554 as to the Blum Equipment***

17. As noted *supra*, non-Debtor Blum P.C. owns any patient information on the Debtors' Blum Equipment. Dr. Blum has offered to take possession of the Blum Equipment given the circumstances set forth herein, including the Debtors' lack of liquid assets and the more practical issue that Blum P.C. is already responsible for Blum P.C. patient information under applicable law. Firstrust has already confirmed to the Trustee that it does not seek the Blum Equipment, notwithstanding the applicability of its liens. Thus, the Trustee proposes to abandon or transfer that equipment to Dr. Blum. Courts have approved similar approaches in analogous situations. *See In re Advanced Skin and Mohs Surgery Center, S.C.*, Case No. 23-352 (BG) [D.I. 70] (granting chapter 7 trustee's motion and ordering chapter 7 trustee to dispose of patient records by transferring custody and responsibility to the doctor who operated the debtor and offered to retain the records). Indeed, Dr. Blum is already obligated to protect any Blum P.C. patient information, so this approach is particularly appropriate here.

**NOTICE**

18. Notice of this Motion has been given to the Debtors, the Office of the United States Trustee, Firstrust, Blum P.C., and all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002. The Trustee submits that no further notice is required.

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests that the Court grant the Motion and grant such other and further relief as the Court deems just and proper.

Dated: September 11, 2026
Wilmington, DE

**SAUL EWING LLP**

*<u>/s/ Evan T. Miller</u>*
Evan T. Miller (No. 5364)
1201 North Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6864
Email: evan.miller@saul.com

and

Turner N. Falk (admitted *pro hac vice*)
1735 Market Street, 34th Floor
Philadelphia, PA 19103
Telephone: (215) 972-8415
turner.falk@saul.com

*Counsel to George L. Miller, Chapter 7 Trustee for the Estates of GVO Partners LLC, et al.*