# <u>EXHIBIT A</u>

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>GVO PARTNERS LLC, *et al.*,[2]<br><br>Debtors. | Chapter 7<br><br>Case No. 26-10976 (KBO)<br>(Jointly Administered)<br><br>**Related D.I.: ____** |

**ORDER AUTHORIZING DISPOSAL OF PATIENT RECORDS PURSUANT TO 11 U.S.C. §§ 351 AND 554 AND FED. R. BANK. P. 6011**

Upon consideration of the motion of George L. Miller, Chapter 7 Trustee (the "**Trustee**"), for the entry of an order authorizing the disposal of patient records pursuant to 11 U.S.C. §§ 351 and 554 and Fed. R. Bank. P. 6011 (the "**Motion**") and any response thereto; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Trustee's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; **ORDERED**, **ADJUDGED** and **DECREED** as follows:

1. The Motion is **GRANTED** as set forth herein.

[2] The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: GVO Partners LLC (5862); GVO Holdings Group LLC (8330); GVO Topco LLC (5638); GVO Urban, LLC (8860); GVO Still Waters, LLC (5823); GVO Sweetgrass, LLC (7775); and Urban Medspa & Weight Loss Center Charlotte, P.C. (7185). The Debtors' mailing address is 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.

2. The Trustee is authorized to dispose of the Patient Records of the Debtors pursuant to the procedures set forth in Bankruptcy Code section 351 and Bankruptcy Rule 6011.

3. Upon entry of an order approving the 363 Motion, the Trustee shall promptly publish a notice in a local newspaper in or near (i) Pensacola, Florida; and (ii) Charlotte, North Carlina that will state substantially the following:

> The bankruptcy trustee, George L. Miller (the "**Trustee**"), in the Chapter 7 bankruptcy cases of GVO Partners LLC, GVO Holdings Group LLC, GVO Topco LLC, GVO Sweetgrass, LLC, GVO Still Waters, LLC, GVO Urban, LLC, and Urban Medspa & Weight Loss Center Charlotte, P.C. (the "**Debtors**") is currently in possession of the Debtors' patient records (the "**Patient Records**"). The Trustee intends to destroy the Patient Records and has been given authority to do so by the United States Bankruptcy Court for the District of Delaware. The Trustee's contact information is as follows: George L. Miller, 1628 John F. Kennedy Blvd, 8 Penn Center, Suite 950, Philadelphia, PA 19103; (215) 561-0950; gmiller@millercoffeytate.com. If you are a former patient of the Debtors, you may retrieve your Patient Records from the Trustee upon written request to the address or email above. If you do not retrieve the Patient Records by **________**, 2027, then the Trustee will destroy the Patient Records and will have no obligation after that date to provide the Patient Records.

4. Once the notice is published, the Trustee shall address any requests for the Patient Records and continue to follow the procedures set out in Bankruptcy Code section 351, including notifying the patients at last known addresses within 180 days of the notice publication, and offering to provide the Patient Records to the appropriate federal agency after the 365-day notice period has run.

5. Upon completion of the requirements set out in Bankruptcy Code section 351, the Trustee is authorized to destroy the Patient Records and will have no further obligations with respect to the Patient Records.

6. The Trustee is authorized to take any other actions required to dispose of the Patient Records and to implement the terms of the Motion and this Order as permitted under Bankruptcy Code section 351.

7. Regarding the Blum Equipment, the Trustee is authorized to abandon and/or transfer said equipment to the custody and control of Blum P.C. and Dr. Blum. For the avoidance of doubt, the Trustee shall have no further responsibility over disposition of the Blum Equipment, to the fullest extent permitted by 11 U.S.C. § 554 or other such statute.

8. This Court shall retain jurisdiction to interpret and enforce the terms of this Order.