**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 7 |
|---|---|
| GVO PARTNERS LLC, *et al.*,[1] | Case No. 26-10976 (KBO)<br>(Jointly Administered) |
| Debtors. | **Obj. Deadline: 9/25/2026 at 4:00 p.m. (ET)**<br>**Hearing Date: 10/23/2026 at 10:00 a.m. (ET)** |

**MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, FOR THE ENTRY OF AN ORDER AUTHORIZING USE OF CASH**

George L. Miller, Chapter 7 Trustee (the "**Trustee**") for the estates of the above-captioned debtors (the "**Debtors**" or "**Estates**"), hereby moves (the "**Motion**") the Court for entry of an order authorizing the Trustee to use certain cash of the estates to fund the retention of necessary patient records, dispose of and/or abandon certain drugs and other medical supplies, and other such administrative matters. In support thereof, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief sought by this Motion is based upon section 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Bankruptcy Rule 6004 and has been filed in

[1] The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: GVO Partners LLC (5862); GVO Holdings Group LLC (8330); GVO Topco LLC (5638); GVO Urban, LLC (8860); GVO Still Waters, LLC (5823); GVO Sweetgrass, LLC (7775); and Urban Medspa & Weight Loss Center Charlotte, P.C. (7185). The Debtors' mailing address is 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.

accordance with the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

## BACKGROUND

3. On June 16, 2026 (the "**Petition Date**"), each of the affiliated Debtors: GVO Partners LLC (Case No. 26-10976), GVO Holdings Group LLC (Case No. 26-10977), GVO Topco LLC (Case No. 26-10978), GVO Sweetgrass, LLC (Case No. 26-10979), GVO Still Waters, LLC (Case No. 26-10980), GVO Urban, LLC (Case No. 26-10981), and Urban Medspa & Weight Loss Center Charlotte, P.C. (Case No. 26-10982), filed a voluntary petition in the Court for relief under Chapter 11 of the Bankruptcy Code.

4. On July 21, 2026, this Court entered an order converting the Debtors' cases to cases under chapter 7 of the Bankruptcy Code. *See* D.I. 75.

5. On July 22, 2026, the Trustee was appointed as the interim chapter 7 trustee for the Debtors' cases. *See* D.I. 78.

6. Prior to conversion and upon information and belief, the Debtors operated several spa and medspa facilities.

7. Following conversion, the Trustee has lacked authority or consent to utilize any purported collateral of the Debtors' secured lender Firstrust Bank N.A. ("**Firstrust**") in administering these cases, thus the Debtors' operations have ceased. To that end, the Court has already entered orders authorizing the Trustee to reject certain leases and contracts, and abandon certain property (the properties subject to the rejected leases hereafter the "**Rejected Premises**"). See D.I. 102, 107. The Trustee expects more such motions will follow.

8. The Trustee is in possession of medical records of former patients of the Debtors, some of which are electronic and others which may be paper records (the "**Patient Records**").

The Patient Records are of no benefit to the Bankruptcy Estate. The Trustee, by a separate contemporaneous motion (the "**Records Motion**"), will request authority to dispose of the Patient Records pursuant to Section 351 of the Bankruptcy Code. Pursuant to Section 351, the Trustee will be required to retain the Patient Records for 365 days, and to publish notices to permit patients to obtain a copy of their records before they are destroyed. Relatedly, there may be equipment that remains at the Rejected Premises that may contain patient information and needs to be removed ("**Equipment**").

9. Upon information and belief, the Estate also contains certain drugs and other medical supplies that were used in the Debtors' medspa business. All of these items are of no benefit to the Estate. Certain of these items (the "**Disposable Drugs**") cannot simply be abandoned, but must be promptly disposed of in compliance with applicable federal or state law on the destruction of regulated medical products. Indeed, the state of North Carolina has already been in touch with the Trustee on this issue.

10. The Trustee has access to cash of the Debtors that is held in several bank accounts now maintained by the Trustee, presently in the approximate amount of $80,000 (the "**Cash**").

11. None of the Cash was or is now held at a bank account with Firstrust. Prior to the Petition Date, Firstrust did not have and does not presently have a deposit account control agreement ("**DACA**") covering any of the accounts holding the Cash. It is the Trustee's understanding that Firstrust does not disagree with the foregoing.

12. The Trustee has discussed this Motion with Firstrust and Firstrust agrees to the relief sought herein, subject to the terms of the Agreement (defined below) set forth herein and in the proposed order attached hereto as **Exhibit A**, which will alleviate the need to agree and/or litigate whether or not the Cash constitutes the collateral of Firstrust.

## RELIEF REQUESTED

13. By this Motion, the Trustee seeks authority from the Court to use Cash up to an amount of $50,000 (without prejudice to seek further amounts) to pay expenses associated with (i) the relief sought in the Records Motion; (ii) dispose of or destroy the Disposable Drugs; and (iii) such other administrative requirements as the Trustee deems appropriate in his business judgment.

14. Furthermore, in agreement with Firstrust (hereafter, "**Agreement**"), the Trustee has agreed to provide Firstrust with notice of any expenditure the Trustee anticipates exceeding $2,500. Moreover, without concession or waiver of any party's rights or arguments as to Firstrust's lien position, the Trustee agrees to allow a replacement lien in the Cash equal to whatever lien right, extent, and priority Firstrust possessed in the Cash as of the Petition Date, if any. Thus, the Trustee requests that the Court approve the Agreement to effectuate the relief sought herein.

## BASIS FOR RELIEF REQUESTED

### A. The Trustee Must Be Authorized to Use the Cash and Dispose of the Disposable Drugs

15. Section 363(b) provides that "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." A trustee seeking authorization under Section 363(b) must demonstrate a sound business purpose for the proposed transaction. *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989) (holding that debtor bears burden of demonstrating that transaction outside of ordinary course of business is supported by good business reason and will aid estate's administration).

16. The Trustee seeks to use the Cash to pay expenses arising out of his statutory duties, including but not limited to those set forth in section 351 for gathering and disposing of Patient Records; indeed, the relief sought in the Records Motion is entirely symbiotic with that sought herein. The Trustee also seeks to dispose of the Disposable Drugs expeditiously, since they cannot

be safely abandoned in the Debtors' Rejected Premises. Disposing of the Disposable Drugs will prevent any harm to the public while eliminating the need to incur further expenses on these valueless items.

17. While it is presently unknown the precise amount of funds necessary to fund the relief sought herein, the Trustee reasonably believes that the ability to use Cash up to a $50,000 cap will be sufficient and will avoid the need to serially return to Court seeking additional relief. Access to the Cash will also solve the circular problem the Trustee has had to deal with in these cases thus far—investigating and quantifying the amounts of material and issues that need to be addressed without having the funds to do so.

18. As set forth above, the Trustee has discussed this with Firstrust and it is the Trustee's understanding that Firstrust does not assert that any perfected lien or DACA exists as to the Cash and the parties have otherwise reached the Agreement on use of Cash. To be clear, then, to the extent that the Court does not find authority to grant the Trustee's primary request pursuant to Section 363(b) alone, the Trustee requests authorization to use the Cash for the purposes set forth in this Motion, again capped at $50,000, without prejudice to return to Court to seek further amounts as needed. Regardless of whether a potential unperfected lien of an otherwise potentially secured party merits adequate protection, Firstrust can nevertheless be protected here consistent with the terms of the Agreement by receiving a replacement lien with the same validity, extent and priority on the Cash that it possessed (if any) as of the time of the Petition Date.

19. Given the very limited relief sought herein, the Trustee maintains that Local Rule 4001-2(a)(i) regarding cash collateral orders is largely inapplicable. Local Rule 4001-2(a)(i)(A) has already been addressed, as has the issue of adequate protection, but the balance of the sub-bullets that follow simply do not apply under these circumstances. For the avoidance of doubt, the

Trustee does not seek and requests no further terms or conditions be placed on the use of Cash, and the rights of all parties in interest are expressly reserved.

## NOTICE

20. Notice of this Motion has been given to the Debtors, counsel for Firstrust, the Office of the United States Trustee, and all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002. The Trustee submits that no further notice is required.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests that the Court grant the Motion and grant such other and further relief as the Court deems just and proper.

Dated: September 11, 2026
Wilmington, DE

**SAUL EWING LLP**

*/s/ Evan T. Miller*
Evan T. Miller (No. 5364)
1201 North Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6864
Email: evan.miller@saul.com

and

Turner N. Falk (admitted *pro hac vice*)
1735 Market Street, 34th Floor
Philadelphia, PA 19103
Telephone: (215) 972-8415
turner.falk@saul.com

*Counsel to George L. Miller, Chapter 7 Trustee for the Estates of GVO Partners LLC, et al.*