# EXHIBIT A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>GVO PARTNERS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 26-10976 (KBO)<br>(Jointly Administered)<br><br>**Related D.I.:** ___________ |

**ORDER GRANTING MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, FOR THE ENTRY OF AN ORDER AUTHORIZING USE OF CASH**

Upon consideration of the motion of George L. Miller, Chapter 7 Trustee (the "**Trustee**"), for the entry of an order authorizing the Trustee to use certain cash of the estates to fund the retention of necessary patient records, and authorizing the Trustee to dispose of and/or abandon certain drugs and other medical supplies and pay expenses associated therewith (the "**Motion**")[2] and any response thereto; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Trustee's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; **ORDERED**, **ADJUDGED** and **DECREED** as follows:

1. The Motion is **GRANTED** as set forth herein.

[1] The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: GVO Partners LLC (5862); GVO Holdings Group LLC (8330); GVO Topco LLC (5638); GVO Urban, LLC (8860); GVO Still Waters, LLC (5823); GVO Sweetgrass, LLC (7775); and Urban Medspa & Weight Loss Center Charlotte, P.C. (7185). The Debtors' mailing address is 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.

[2] Capitalized terms have the same meaning as in the Motion.

2. The Trustee is authorized to use the Cash to pay expenses associated with the disposal of the Disposable Drugs.

3. The Trustee is authorized to use the Cash to pay expenses associated with the collection, retention, or destruction of the Patient Records, or necessary to perform any of the Trustee's duties under 11 U.S.C. § 351 and the relief sought in the Records Motion.

4. The Trustee is authorized to take all actions in furtherance of this Order.

5. Without further approval of the Court, the use of Cash authorized by this Order shall not exceed $50,000. For the avoidance of doubt, this Order is without prejudice to the Trustee's ability to seek use of Cash for purposes related and unrelated to the Motion.

6. The Agreement is approved as set forth herein:

(a) As adequate protection of whatever interest Firstrust asserts in the Cash, Firstrust shall be granted a replacement lien in the Cash to the same validity, extent and priority of any lien that it possessed in the Cash as of the Petition Date. Nothing in this Order shall be construed as affirming the validity or invalidity of any such lien, and all parties' rights are expressly preserved.

(b) In connection with any expenditure in excess of $2,500, the Trustee shall give notice to Firstrust regarding same. For the avoidance of doubt, the Trustee shall not be required to seek Firstrust's consent regarding any such proposed expenditure.

7. This Court retains jurisdiction to interpret and enforce the terms of this Order.