**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| GVO PARTNERS LLC, *et al.*,[1] | ) | Case No. 26-10976-KBO |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Obj. Deadline: December 7, 2026 at 4:00 p.m.** |
| | ) | **Hearing Date: December 18, 2026 at 10:00 a.m.** |

**NEWLANE FINANCE COMPANY'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND WAIVER OF THE 30-DAY HEARING REQUIREMENT**
**(re: one (1) Light Pod Neo Elite Laser, with all attachments and accessories)**

NewLane Finance Company ("NewLane") hereby submits this *Motion for Relief from the Automatic Stay* (the "Motion"). In support of this Motion, NewLane relies on the Declaration of Rebecca Sentell in support of the Motion (the "Sentell Dec.", filed contemporaneously herewith) and further represents as follows:

**Jurisdiction & Venue**

1. The Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §1408. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

2. NewLane confirms its consent pursuant to Del. Bankr. L. R. 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

[1] The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: (1) GVO Partners LLC, (5862); (2) GVO Holdings Group LLC, (8330), (3) GVO Topco LLC, (5638); (4) GVO Urban, LLC (8860); (5) GVO Still Waters, LLC, (5823); (6) GVO Sweetgrass, LLC, (7775); and (7) Urban Medspa & Weight Loss Center Charlotte, PC (7185). The Debtors' mailing address is: 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.

## **Background & Facts**

3. Debtor GVO Sweetgrass LLC (the "Debtor")[2] commenced case number 26-10979-KBO by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on June 16, 2026 (the "Petition Date"). The Court ordered joint administration of that case with the cases of several related Debtors under Case No. 26-10976-KBO by an order dated June 23, 2026 (Docket No. 4). The Court then converted the joint cases to cases under Chapter 7 by an order dated July 21, 2026 (Docket No. 75).

4. Prior to the Petition Date, on or about March 6, 2025, Reliant Capital LLC financed the Debtor's purchase of one Light Pod Neo Elite Laser, with all attachments and accessories (collectively described hereinafter as the "Equipment") pursuant to an equipment finance agreement numbered ending 5300 (the "EFA"). In exchange, the Debtor promised to make certain payments as set forth in the EFA and granted Reliant a security interest in the financed Equipment. Sentell Dec., ¶ 4.

5. Reliant Capital LLC assigned its interest in the EFA to NewLane by an assignment dated March 7, 2025 (the "Assignment").[3] *Id.*, ¶ 5. NewLane perfected its security interest in the Equipment by filing a UCC-1 Financing Statement with the South Carolina Secretary of State on March 17, 2025.[4] *Id.*, ¶ 6.

6. As of the Petition Date, the Debtor was current on its obligations under the terms of the EFA. *Id.*, π 7. The Debtor made three (3) post-petition payments in the amounts of $2,938.76 each on or about July 15, 2026, August 15, 2026, and August 19, 2026. *Id.*, ¶ 8. Two of these

---

[2] The Debtor is a limited liability company formed pursuant to the laws of the State of South Carolina.
[3] A true and correct copy of the EFA, including the Assignment, is attached hereto as Exhibit "A".
[4] A true and correct copy of the UCC-1 is attached as Exhibit "B".

payments were later reversed, however, and only the July 15, 2026 payment was credited to the account. *Id.* Accordingly, the post-petition arrears on the account is $5,877.52. *Id.*, ¶ 9.

7. As of the Petition Date, payoff on the EFA was $135,182.96. *Id.* ¶ 7. NewLane filed a secured claim for this amount on September 9, 2026 (Claim No. 12).[5]

8. NewLane believes, based on its own information and a third-party valuation obtained from a remarketer of similar assets, that the fair market value of the Equipment is approximately $70,000.00. *Id.*, ¶ 10. Based on the foregoing, the Debtor has no equity in the Equipment.

9. NewLane does not have current proof of insurance for the Equipment and believes that it may currently be uninsured. *Id.*, ¶ 11.

10. In addition, NewLane believes the Debtor continues to be in possession of the Equipment and continues to use the Equipment. *Id.*, ¶ 12.

**Basis for Relief**

11. NewLane seeks relief from the automatic stay "for cause" pursuant to 11 U.S.C. §362(d)(1) or, in the alternative, pursuant to 11 U.S.C. § 362(d)(2).

12. Section 362(d)(1) of the Bankruptcy Code provides for relief from the automatic stay for cause, including a lack of adequate protection.

13. In the instant case, NewLane's interest in the Equipment is not adequately protected because (i) the Equipment is of a kind that continues to depreciate over time, (ii) there is no equity cushion in the Equipment because the payoff amount exceeds the value of the Equipment, (iii) the chapter 7 trustee is not making the payments due under the EFA, and (iv) the Equipment appears to be uninsured. Accordingly, there is cause to lift the stay under §362(d)(1).

[5] A true and correct copy of Claim 12 is attached as "Exhibit C."

14. Alternatively, the automatic stay should be lifted pursuant to 11 U.S.C. § 362(d)(2) because the Debtor has no equity in the Equipment and the Equipment is not necessary for any reorganization of the Debtor.

WHEREFORE, NewLane respectfully requests that the Court grant it relief from the automatic stay to enforce its remedies to repossess or otherwise obtain possession and dispose of the Equipment in accordance with the terms of the EFA and applicable non-bankruptcy law; that such relief from stay shall apply to NewLane's successors, transferees and assigns; that the 14-day stay of FRBP 4001(a)(4) be waived; that such relief from stay shall be binding and effective despite any conversion of this case to a case under any other chapter of the Bankruptcy Code; and for such other and further relief as the Court deems just and proper.

Date: November 16, 2026
Wilmington, DE

**SULLIVAN NIMEROFF BROWN HILL LLC**

*<u>/s/ William A. Hazeltine</u>*
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195
Email: whazeltine@snbhlaw.com

and

Matthew J. Lee
Wright Law Group, PLLC
1870 The Exchange SE, Suite 220
PMB 84356
Atlanta, GA 30339
Phone: (855) 737-5384 (x109)
Direct: (404) 445-2893
Email: mjl@replevin.com

*Counsel for NewLane Finance Company*