**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **IN RE:** | : | **Chapter 7** |
| | : | |
| **GVO PARTNERS LLC, *et al.*,**[1] | : | **Case No. 26-10976-KBO** |
| | : | |
| | : | **(Jointly Administered)** |
| | : | |
| **Debtor(s).** | : | |

**DECLARATION IN SUPPORT OF NEWLANE FINANCE COMPANY'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY (RE: one (1) Light Pod Neo Elite Laser, with all attachments and accessories)**

**I, Rebecca Sentell, do hereby declare that the following is true to the best of my knowledge, information, and belief:**

1. I am over the age of eighteen (18) and have never been convicted of a felony or other crime of moral turpitude. I am of sound mind, capable of making this declaration, and am personally acquainted with the true and correct facts herein stated or asserted.
2. I am Director of Servicing of NewLane Finance Company ("NewLane"). In my capacity as Director of Servicing for NewLane, I am a custodian of NewLane's books, records, and files regarding this case. NewLane's books, records and files relating to the subject case are kept in my custody and under my direction and supervision in the regular course of business. NewLane's business records concerning the subject case were made by NewLane's employees in the ordinary course of business at or near the time of the event described or recorded in such records by a person who had personal knowledge of the event

[1] The Debtors in these Cases, along with the last four (4) digits of their federal tax identification numbers, are: (1) GVO Partners LLC, (5862); (2) GVO Holdings Group LLC, (8330), (3) GVO Topco LLC, (5638); (4) GVO Urban, LLC (8860); (5) GVO Still Waters, LLC, (5823); (6) GVO Sweetgrass, LLC, (7775); and (7) Urban Medspa & Weight Loss Center Charlotte, PC (7185). The Debtors' mailing address is: 218 Brighton Park Blvd., Suite 101, Summerville, SC 29486.

being recorded and had a business duty to accurately record such event. I have personally worked on such books, records and files and know them to be accurate and trustworthy. The records attached to NewLane's Motion for Relief from the Automatic Stay as Exhibits "A" through "B" are the originals or exact duplicates of the originals.

3. GVO Sweetgrass LLC ("Debtor") is in default under the terms of an equipment finance agreement ending number 5300 (hereinafter referred to as "the EFA"), a true and correct copy of which is attached as Exhibit "A" to the Motion.

4. On or about March 6, 2025, Reliant Capital LLC financed the Debtor's purchase of one Light Pod Neo Elite Laser, with all attachments and accessories, (collectively described herein as the "Equipment") pursuant to the terms of the EFA. In exchange, Debtor promised to make certain payments as set forth in the EFA and granted Reliant a security interest in the Equipment.

5. Reliant Capital LLC assigned its interest in the EFA to NewLane by an assignment dated March 7, 2025 (the "Assignment"). A true and correct copy of the Assignment is incorporated into Exhibit "A" to the Motion.

6. NewLane perfected its security interest in the Equipment by filing a UCC-1 Financing Statement with the South Carolina Secretary of State on March 17, 2025 ("the UCC"). A true and correct copy of the UCC is attached as Exhibit "B" to the Motion.

7. As of the Petition Date, the total amount due and owing under the EFA was $135,182.96 and the account was current.

8. Three (3) payments in the amount of $2,938.76 each have been made since the Petition Date of June 16, 2026, dated July 15, 2026, August 15, 2026, and August 19, 2026. Two

(2) of these payments were later reversed, however, and only the July 15, 2026 payment was credited to the account.

9. The post-petition arrears for the EFA are $8,816.28, which is comprised of three (3) monthly installments of $2,938.76 each for the months of August 2026 through October 2026.

10. NewLane believes, based on its own information and a third-party valuation obtained from a remarketer of similar assets, that the fair market value of the Equipment is approximately $70,000.00.

11. NewLane does not have current proof of insurance for the EFA Equipment and believes that the EFA Equipment may currently be uninsured.

12. NewLane believes that the Debtor continues to be in possession of the EFA Equipment and continues to use said equipment.

**Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.**

**Executed On:** 10/22/2026

**By:** Rebecca Sentell
**Rebecca Sentell**